448 So.2d 209 (1984)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Bobbie Harvey
v.
Geraldine SMITH.
No. 83 CA 0519.
Court of Appeal of Louisiana, First Circuit.
April 3, 1984.
Robert J. Black, Bogalusa, for plaintiff-appellee.
Lewis V. Murray, III, Bogalusa, for defendant-appellant.
*210 Before PONDER, WATKINS and CARTER, JJ.
PONDER, Judge.
Defendant and plaintiff-in-reconvention appealed the judgment dismissing her reconventional demand for damages on an exception of prescription.
Two issues are presented: 1) whether appellant's action has prescribed, and 2) if it has prescribed, whether the appellees can be precluded from raising prescription on the grounds of equitable estoppel.
We affirm.
This litigation arose from an automobile accident on November 15, 1980. Appellees, Bobbie Harvey and her collision insurer, State Farm, filed suit on November 3, 1981 for recovery of property damages allegedly caused by the negligence of the appellant, Geraldine Smith. The latter was served on November 6, 1981 and was granted an extension of time on December 8, 1981, until January 8, 1982, in which to respond.
On March 12, 1982 appellant answered appellees' petition and asserted, both individually and on behalf of her minor child,[1] a reconventional demand for damages.[2] In response, appellees filed an exception of prescription which appellant opposed on the grounds that appellees were barred from raising prescription by the doctrine of equitable estoppel. After a hearing on the exception, the trial judge ruled in favor of the appellees, sustaining the exception of prescription and dismissing appellant's reconventional demand.
Appellant complains that the trial judge erred in not finding that appellees were estopped from raising prescription as a bar to her action, on the grounds that certain conduct and misrepresentations by appellees' counsel, upon which her attorney justifiably relied, persuaded her not to file suit.
Appellant's action, being one in tort, must have been instituted within one year of the commission of the offense. La.C.C. art. 3492. La.C.C.P. art. 1067 provides one exception which is applicable here:
"An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of the main demand..."
Appellant failed to file reconventional demand within a year of the offense or within the ninety-day period provided by statute. Even assuming that the thirty-day extension in which to respond granted to appellant served to extend this period to one hundred twenty days, appellant failed to file her reconventional demand within that period.
Appellant argues that this ninety-day "grace" period was suspended at some point by the fraudulent conduct or misrepresentations of appellees' counsel, which persuaded appellant to believe that she need not file suit because a settlement would be worked out to her satisfaction. Assuming, arguendo, that the doctrine of equitable estoppel can apply in these circumstances,[3] we cannot say that the trial court's conclusion was manifestly erroneous.
*211 The essential elements of the doctrine of equitable estoppel include proof of fraudulent or misrepresentative conduct by the party asserting prescription, upon which the complaining party justifiably relied to his detriment. Wilkinson v. Wilkinson, 323 So.2d 120 (La.1975); Tassin v. Allstate Insurance Co., 310 So.2d 680 (La. App. 4th Cir.1975), writ refused 313 So.2d 836 (La.1975).
Appellant's attorney, Mr. Murray, testified that shortly after his client was served with appellees' petition he spoke with appellees' attorney, Mr. Black, informing the latter that he would be representing the appellant and that most likely he would be filing a reconventional demand for damages. Thereafter, on December 8, 1981, Murray filed a motion for extension of time to plead. After the motion was granted, but prior to its expiration on January 8, 1982, Murray met with Black in the latter's office.
Murray stated that he showed Black the prepared pleadings and asked if he needed to file them at that time. Black indicated his desire to settle but repeated that he had to receive a response from State Farm before settling. Thereafter, there were "numerous calls and visits" between the attorneys, and throughout, Black kept informing Murray that he had not yet received a response from State Farm. Shortly after March 3, 1982, Murray received a letter from Black informing him that he and State Farm had concluded that their client was without fault and that Murray would have to take whatever action he deemed necessary. On cross, Murray admitted that opposing counsel never gave him a specific extension of time to respond.
Appellees' counsel, Mr. Black, admitted that he and Murray discussed appellant's possible claim numerous times. He admitted telling Murray that they would try to settle the case; however, he testified that he told Murray repeatedly that he could not settle without State Farm's agreement. He did not recall being shown appellant's prepared pleadings; he did not recall asking Murray to refrain from filing his claim.
In his reasons for judgment, the trial judge did not specifically refer to appellant's argument for the application of equitable estoppel; he cited only La.C.C. art. 3536 (now 3492) and La.C.C.P. art. 1067. His conclusion, of necessity, however, required a finding that appellant had failed to show sufficiently compelling facts to prove the applicability of estoppel in this instance. The record supports the trial court's finding. We cannot say his decision was manifestly erroneous.
For these reasons, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] Appellant's minor son was a passenger in her vehicle at the time of the auto accident. Although assertion of his claim as a reconventional demand was improper because he was not a named defendant in the original petition, the court may consider it as an intervention. Texas Gas Transmission Corp. v. Gagnard, 223 So.2d 233 (La.App. 3rd Cir.1969).
[2] Appellant also joined in her reconventional demand appellee Harvey's major daughter, who was driving the Harvey vehicle involved in the accident. We note that she did not join the appellees in raising the exception of prescription.
[3] La.C.C.P. art. 1067 is not itself a prescriptive statute. Rather, it is an exemption statute, which during its ninety-day period exempts any incidental demand from any applicable prescriptive statute whose prescriptive period would accrue during that ninety-day period. Smith v. Hartford Accident and Indemnity Co., 399 So.2d 1193 (La.App. 3rd Cir.1981), writ denied 406 So.2d 604 (La.1981); Kelly v. La. Stadium & Exposition District, 380 So.2d 669 (La. App. 4th Cir.1980).