GARRISON, Judge.
Plaintiff, the testamentary executor of the Succession of Mrs. Ann Furr Baldwin, filed a petition to cancel a real estate lease and for possession of premises against the defendant, Walter Antin, Jr., the lessee of property located at 308 Royal Street in New Orleans. Mrs. Ann Furr Baldwin, now deceased, entered into a lease agreement with the defendant on July 1, 1980 for the lease of the above-mentioned property. Beginning in March, 1986, the lessee stopped making his rental payments to the lessor. On June 11, 1986, Mrs. Baldwin’s daughter, Stephanie Baldwin Martin, sent a letter to the defendant-lessee on behalf of her mother demanding that rent on this property for the months of March through June, 1986 be paid to lessor or that the property in question be returned to lessor.
In a letter dated June 18, 1986 the lessee advised the lessor that he had remitted his April rent check subject to the condition that the lessor acknowledge that the leaking and obstruction problems on the property had been corrected. That check was returned to the lessee by the lessor. The defendant remitted rent checks for May and June but stopped payment on them because he did not feel that the leaking and obstruction problems had been properly corrected.
On November 17, 1986, Mrs. Baldwin’s daughter, Susan Baldwin Amato, wrote to the lessee advising him that Mrs. Baldwin had died in October, 1986 and making a demand for all past due rental payments on the property at 308 Royal Street. In this letter, Mrs. Amato stated that the leaking and obstruction problems on the property had been corrected. Because the rental payments did not resume, the plaintiff’s lawyer notified the defendant in a letter dated April 11, 1987 that because he had not paid rent since March 1986, he was in default and in violation of the lease provisions.
Subsequently, the plaintiff filed this suit requesting immediate cancellation of the lease in question and immediate eviction of the defendant, his sub-lessees and assignees. In a supplemental answer filed by the *345 defendant, he asserted the affirmative defense that under the terms of the lease in question, the lessor was obligated to give the lessee written notice of any alleged violation of lessee’s obligation and to afford the lessee a period of ninety days after written notice within which to cure the alleged violation or breach of the lease. The defendant alleges that this was not done prior to the filing of this lawsuit.
After trial in this matter, the trial judge rendered judgment cancelling the lease between the plaintiff and the defendant and ordering the defendant to vacate the premises leased by him at 308 Royal Street within twenty-four hours. Defendant appeals this judgment.
In his appeal, the defendant argues that this lawsuit for cancellation of the lease and for possession of the premises was premature because defendant was not given the required ninety day period after written notice within which to cure the alleged violation of the lease, i.e. failure to pay rent. The defendant also argues that the obligation of the defendant to pay rent was suspended by an agreement between the defendant and Mrs. Ann Furr Baldwin until such time that the leaking problem was corrected.
Finally, the defendant-lessee argues that he was entitled to withhold rent because the lessor failed to make the repairs to the property and precluded the lessee from making the repairs himself because of lessor’s assurances to lessee that the repairs would be made by the lessor. The lessee claims that he was further precluded from making the repairs by a restriction in the lease agreement and because the making of these repairs would necessitate access to a portion of the lessor’s property which was not part of the lessee’s leased premises.
In finding for the plaintiff, the trial judge noted that there was no showing in this case of a positive refusal by the lessor to allow the tenant to make the repairs to the leased property and deduct the cost of those repairs from his rent.
In response to the defendant’s argument that there was an agreement to suspend the rent as evidenced by a letter between the defendant and a real estate agent dealing with this property, the trial judge concluded that any such agreement was clearly repudiated by Stephanie Baldwin Martin’s letter of June 11, 1986. The trial judge also stated that he doubted that there ever was an agreement to suspend the rent and that the person with whom the defendant allegedly made the rent suspen-ion agreement was not the agent of Mrs. Ann Furr Baldwin.
Furthermore, the trial judge rejected defendant’s prematurity argument finding that the defendant had notice for a much greater period than ninety days of his violation of the lease. Specifically, Stephanie Baldwin Martin’s letter of June 11, 1986 gave defendant notice of this fact.
In conclusion, the trial judge reiterated that if there was an agreement to suspend the rent, it was terminated by the June 11, 1986 letter and, furthermore, any continued problem with the repairs needed on the property could have been solved by the lessee effecting the repairs himself and deducting the cost of the repairs from his rent.
The record in this case supports the factual conclusions of the trial judge. Therefore, the trial court judgment is affirmed.
AFFIRMED.