673 So.2d 1049 (1996)
Succession of Ann Furr BALDWIN
v.
Walter ANTIN, Jr.
No. 95 CA 0714.
Court of Appeal of Louisiana, First Circuit.
February 23, 1996.
Rehearing Denied June 12, 1996.
*1050 Robert A. Barnett, New Orleans, Page McClendon Michell, Hammond, for Plaintiff-Appellee.
Rainer Lorenz, Covington, for Defendant-Appellant.
Before WATKINS and FOIL, JJ., and TANNER, J. Pro Tem.[1]
WATKINS, Judge.
Walter Antin, Jr., individually, and Walter Antin, Jr. and Noemi E. Antin as trustees of the Walter Antin, Jr. Children's Class Trust, appeal the trial court judgment dismissing their reconventional demand on an exception of prescription. The Succession of Gonzales, Susan Ann Baldwin Amato, Stephanie Baldwin Martin, and Sterling W. Baldwin, individually, and as executor of the Succession of Ann Furr Baldwin, answered the appeal seeking damages for frivolous appeal and review of the pending peremptory exceptions of no cause of action, no right of action, and res judicata. We reverse.
Walter Antin, Jr. entered into a lease agreement with Ann Furr Baldwin in 1980 for certain immovable property located at 308 Royal Street, New Orleans, Louisiana. After Ms. Baldwin's death, the executor of her succession filed suit against Mr. Antin seeking cancellation of the lease for failure to pay rent. The lease was canceled by judgment dated June 2, 1987.[2] On November 8, 1988, the executor of the succession filed the instant suit against Mr. Antin for back rentals of $30,000.00. On November 15, 1988, Mr. Antin filed several affirmative defenses, a reconventional demand, and some third party demands in this suit seeking damages for breach of the lease agreement and wrongful eviction. Mr. Antin named Mr. R.J. Gonzales and Mr. Sterling Baldwin as third party defendants herein.[3] On October 20, 1993, the defendants in reconvention filed an exception of no right of action, arguing that Mr. Antin was not the proper party to bring the reconventional demand because the leasehold interest he obtained in 1980 had been placed in the Walter Antin, Jr. Children's *1051 Class Trust for 10 years by act of donation dated April 28, 1982. The court sustained the exception of no right of action with leave to amend the pleadings to remove the objection. The pleadings were amended reasserting the prior claims on behalf of Walter Antin, Jr., individually, and Mr. Walter Antin, Jr. and Noemi E. Antin as Trustees of the Walter Antin, Jr., Children's Class Trust (Trust). In response thereto the defendants in reconvention filed exceptions of res judicata, no right of action, no cause of action, and prescription. The trial court sustained the exception of prescription finding that the amendment to the reconventional demand adding the Trust as a plaintiff in reconvention did not relate back to the filing of the original demand and was therefore prescribed.[4]

RECONVENTIONAL DEMAND
LSA-C.C.P. art. 1061 provides that "[t]he defendant in the principal action may assert in a reconventional demand any causes of action which he may have against the plaintiff in the principal action...." [Emphasis supplied.] Furthermore, the applicable version of LSA-C.C.P. art. 1064 provided that "[w]hen the presence of parties other than those to the principal action is required for the granting of complete relief in the determination of a reconventional demand, the court shall order the plaintiff in reconvention to make such parties defendants in reconvention, if jurisdiction of them can be obtained." [Emphasis supplied.][5]
It is clear that only a named defendant in the principal demand may proceed by way of reconventional demand with the option of adding new "defendants in reconvention" under the appropriate circumstances.[6] However, the incorrect designation of the incidental action herein as a reconventional demand does not prevent the court from considering it as an intervention. Williams v. Jefferson, 586 So.2d 666 (La.App.2d Cir. 1991); State Farm Mut. Auto. Ins. Co. v. Smith, 448 So.2d 209 (La.App. 1 Cir.1984), and Texas Gas Transmission Corporation v. Gagnard, 223 So.2d 233 (La.App. 3rd Cir. 1969).

INTERVENTION
LSA-C.C.P. art. 1091 provides:
A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
(2) Uniting with defendant in resisting the plaintiff's demand; or
(3) Opposing both plaintiff and defendant.
The courts have interpreted Article 1091 to give a party the right to intervene in a pending action if he has a justiciable right related to or connected with the principal suit. Solar v. Griffin, 554 So.2d 1324 (La. App. 1st Cir.1989), writ denied, 558 So.2d 582 (La.1990). What constitutes a justiciable right was explained in Amoco Production Company v. Columbia Gas Transmission Corporation, 455 So.2d 1260, 1264 (La.App. 4th Cir.), writs denied, 459 So.2d 542 and 543 (La.1984), as follows:
We are of the opinion that a "justiciable right" as used in interpreting Article 1091 means the right of a party to seek redress or a remedy against either plaintiff or defendant in the original action or both, and where those parties have a real interest in opposing it. If that right does exist, then, in order to intervene it must be so related or connected to the facts or object of the principal action that a judgment on the principal action will have a direct impact on the intervenor's rights. This connexity requirement is essential. [Footnote omitted]
*1052 The Trust, as the assignee of the leasehold interest, has an interest in the pending action between the lessor and the assignor of the leasehold for unpaid rent.[7] Furthermore, the trustee seeks to enforce a right related to and connected with the object of the pending action and further seeks similar relief to that demanded by Mr. Antin in his individual capacity.[8] Therefore, for the purpose of this opinion, we shall consider the "Second Supplemental and Amending Reconventional Demand" as an intervention.

PRESCRIPTION
The plaintiff's suit for unpaid rents was filed November 10, 1988. The Trust's intervention was filed on December 3, 1993. The intervention sets forth the affirmative defenses of estoppel, extinguishment of the obligation, remission, failure of consideration, fraud, and compromise. The intervention also seeks damages for breach of the lease agreement and wrongful eviction.
When a contract is breached by negligence, the party damaged may base its suit for the loss sustained either on the breach of contract or on the tort. Transportation Equipment Co. v. Younger Bros., 34 So.2d 347 (La.App.Orl.1948). It is the character of the action which determines the applicable prescriptive period. American Heating & Plumbing Co. v. West End Country Club, 171 La. 482, 131 So. 466, 469 (1930).
Herein, the intervention sets forth a claim for wrongful eviction and a claim for alleged breaches of the lease agreement. Although we agree with the trial court that the tort claim for wrongful eviction has prescribed,[9] we believe that the claim alleging breach of the lease agreement is contractual in nature and thus subject to the liberative prescription of ten years. See LSA-C.C. art. 3499. The intervention, filed on December 10, 1993, alleges that the breaches began in 1983 and continued until the lease was canceled in 1986. Accordingly, the breach of contract claim, asserted by way of intervention, has not prescribed.[10]
In view of our decision on the merits, we find no merit in the answers to this appeal filed by the defendants in reconvention and the third-party defendants, requesting damages for frivolous appeal. We further pretermit a review of the remaining exceptions and remand the case to the trial court for further consideration of the exceptions in light of this opinion.
For the reasons stated, the trial court judgment sustaining the plaintiff's exception of prescription as to any contract claims asserted in the intervention of the trustees on behalf of the Walter Antin Children's Trust is reversed. All costs of this appeal are assessed equally to the appellees, Succession of Ann Furr Baldwin, Susan Ann Baldwin Amato, Stephanie Baldwin Martin, and Sterling Baldwin, individually and as executor of the Succession of Ann Furr Baldwin.
REVERSED AND REMANDED.
NOTES
[1] Judge Thomas W. Tanner, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The judgment canceling the lease and ordering Mr. Antin to vacate the leased premises was affirmed in Succession of Baldwin v. Antin, 526 So.2d 343 (La.App. 4 Cir.), writ denied, 531 So.2d 278 (La.1988).
[3] Subsequent to the filing of the third party demand, the Succession of Gonzales was substituted as a third-party defendant for Mr. R.J. Gonzales.
[4] The court also noted that the amended reconventional demand was not really an "amendment" to the original reconventional demand, but rather an attempt to intervene.
[5] LSA-C.C.P. art. 1064 was amended by Acts 1995 No. 858 § 1.
[6] Because the Trust was not a named defendant in the principal demand it was not a proper party to assert a reconventional demand.
[7] Although the Trust terminated by its own terms prior to the filing of the instant suit, the trustee is the proper party to assert the claims of a trust for any damages sustained to the trust during the term of the trust. See LSA-C.C.P. art. 699 and LSA-R.S. 9:2222, 9:2091. See also LSA-R.S. 9:2069.
[8] Other cases permitting intervention include: Williams v. Jefferson, 586 So.2d 666 (La.App.2d Cir.1991), wherein the passenger in defendant's automobile intervened in the suit brought by the other driver against defendant driver asserting a claim against both the driver of the other vehicle and LP & L; Banks v. Rattler, 426 So.2d 362 (La.App.2d Cir.1983), where husband of a party brought into a suit by a third-party demand was allowed to intervene notwithstanding fact that he was not previously a party to the suit; Gallin v. Travelers Insurance Co., 323 So.2d 908 (La.App. 4th Cir.1975), writ denied 329 So.2d 452 (La. 1976) where the court allowed a passenger to intervene where the driver and another passenger had already sued.
[9] The judgment canceling the lease and ordering Mr. Antin to vacate the leased premises was rendered on June 2, 1987.
[10] Because we find that the intervention has not prescribed on its face we do not address the issue of whether the intervention would relate back to the original reconventional demand for purposes of prescription. See Riddle v. Simmons, 626 So.2d 811 (La.App.2d Cir.1993), writ denied, 93-2920 (La. 4/29/94), 637 So.2d 459.