817 So.2d 305 (2002)
Mary Elizabeth LEGER, et al.,
v.
John N. KENT, D.D.S., et al.
Nos. 2001-C-2241, 2001-C-2380.
Court of Appeal of Louisiana, Fourth Circuit.
April 24, 2002.
*306 Bruce A. Cranner, Gary L. Hanes, Frilot, Partridge, Kohnke & Clements, L.C., and Patricia A. Traina, Berrigan, Litchfield, Schonekas, Mann, Traina & Thompson, L.L.C., New Orleans, LA, for Defendants-Relators.
Michael D. Carbo, New Orleans, LA, for Defendant-Relator.
Donni E. Young, Ness, Motley, Loadholt, Richardson & Poole, P.A., New Orleans, *307 LA, and H. Blair Hahn, Kevin L. Oufnac, Ness, Motely, Loadholt, Richardson & Poole, P.A., Mt. Pleasant, SC, for Intervenors-Respondents.
Gerald E. Meunier, Gainsburgh, Benjamin, David, Meunier & Warshauer, New Orleans, LA, and Mitchell A. Toups, Weller, Toups & Terrell, L.L.P., Beaumont, TX, and John W. DeGravelles, DeGravelles, Palmintier, Holthaus & Fruge, L.L.P., Baton Rouge, LA, for Plaintiffs-Respondents.
Court Composed of Judge CHARLES R. JONES, Judge PATRICIA RIVET MURRAY, Judge MAX N. TOBIAS, JR.
MAX N. TOBIAS, JR., Judge.
In December 1992, Mary Elizabeth Leger and Albert Leger filed suit against John N. Kent, D.D.S., the Board of Supervisors of the Louisiana State University and Agricultural & Mechanical College doing business as L.S.U. Dental School (hereinafter, "LSU"), and others alleging dental malpractice and products liability arising from the surgical implantation of a Vitek device in Ms. Leger's temporomandibular joint. In October 1998, Patricia Adelmann-Chester and 674 other named individuals filed suit against Dr. Kent and LSU alleging that the defendants were liable for the marketing, development, and testing of the Vitek device, which resulted in damages to them. In March 1999, the two suits were consolidated for purposes of discovery.
On 28 June 2000, Marianne James and Linda Ette, individually and on behalf of unnamed others, filed a petition of intervention asserting a class action against Dr. Kent and LSU relating to alleged defects in the Vitek device implanted into their bodies. Their action seeks to assert a national class. Although the 1992 and 1998 suits had only been consolidated for discovery, Ms. James and Ms. Ette did not designate in which of the two suits they were filing their petition of intervention. Their suit alleges that they are bringing their intervention for all individuals residing in the United States who had received a Vitek device implantation.
Dr. Kent and LSU filed, inter alia, an exception of no right of action asserting that the intervention asserting a class action was inappropriate. The trial court orally approved the filing of the intervention and subsequently granted written leave of court to do so. From that decision, Dr. Kent and LSU sought supervisory review from this Court. In writ 2000-C-2645, this Court held that, as a mere procedural matter, the intervention could be filed in the trial court, but remanded to the trial court for further hearings on "substantive issues" respecting the appropriateness of asserting a class action in an intervention filed by a third party who was not a party to the original suits, prescription, and other procedural issues. On the remand, the trial court ruled for Ms. James and Ms. Ette, essentially holding that the intervention asserting a class action was appropriate; the defendants' exception of prescription was referred to the merits. From that ruling, Dr. Kent and LSU seek supervisory writs.
La. C.C.P. art. 1091 provides:
A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
(2) Uniting with defendant in resisting the plaintiff's demand; or
(3) Opposing both plaintiff and defendant.
A two-fold requirement exists for a third person to intervene. "The intervenor *308 must have a justiciable interest in, and a connexity to, the principal action." Atchley v. Atchley, 97-474, pp. 2-3 (La.App. 5 Cir. 1/14/98), 707 So. 458, 459 (emphasis added).
[A] `justiciable right' as used in interpreting Article 1091 means the right of a party to seek redress or a remedy against either plaintiff or defendant in the original action or both, and where those parties have a real interest in opposing it. If that right does exist, then, in order to intervene it must be so related or connected to the facts or object of the principal action that a judgment on the principal action will have a direct impact on intervenor's rights. The connexity requirement is essential.
Amoco Production Co. v. Columbia Gas Transmission Corp., 455 So.2d 1260, 1264 (La.App. 4 Cir.1984).
The intervenors have a "justiciable right" in the pending litigation. However, they do not have a connexity.
In Resor v. Mouton, 200 So.2d 308 (La. App. 4 Cir.1967), the original plaintiff in a motor vehicle accident filed a damage claim against three defendants. A third party then filed an intervention, seeking recovery of his own property damage from both the plaintiff and the defendants arising out of the same accident. This Court concluded the intervention was improper because the intervenor had no interest in the original plaintiffs pending action against the defendants. That is, the intervenor had no interest in the plaintiffs damages or the plaintiffs recovery and did not seek to enforce any right related to or connected thereto. The intervenor's recovery of his own damages was an entirely new matter unconnected to the object of the original plaintiff's pending action.
Connexity requires that the intervenor show that the outcome of the suit in which he or she seeks to intervene will have a direct impact on the intervenor's rights. Atchley, supra. In the case at bar the intervenors cannot show a direct impact on their cause of action because regardless of the judgment rendered in either the Leger or Adelmann-Chester suits, the intervenors' cause of action will not be adjudicated in a manner that will have res judicata effect upon their claims. That is, Ms. James and Ms. Ette, as original plaintiffs filing their own separate suit, have a cause of action against Dr. Kent and LSU that will not be adjudicated in either the Leger or Adelmann-Chester suit. La. C.C.P. art. 1091 requires that an intervenor distinguish himself or herself from that of an original plaintiff in a way that justifies the intervenor's presence in that particular litigation. The only connexity that intervenors establish is the same as in any product liability case. Nothing "incidental" exists in a national class action.
An intervenor takes the proceedings as he finds them. Taylor v. Tulane University of Louisiana, 97-0977 (La.App. 4 Cir. 9/17/97), 699 So.2d 1117; La. C.C.P. art. 1094. The intervenor cannot modify the basic procedural nature of the principal demand by way of intervention. Rubion Transfer & Storage Co. v. Louisiana Public Service Commission, 240 La. 440, 123 So.2d 880, 883 (La.1960); La. C.C.P. art. 1094. The intervenor cannot retard the process of the main demand by way of the intervention. Succession of Delesdernier, 184 So.2d 37, 54 (La.App. 4 Cir.1966).
In the case at bar, the intervention seeks to convert an ordinary action into a class action. The intervention would retard the principal demand by taking pending suits, one of which has been pending for over nine years, and adding new parties, perhaps numbering in the hundreds or thousands. Intervention was never intended to permit an intervenor to hijack an unrelated plaintiffs claim that is *309 similar in nature and convert the claim to a class action. In effect, what the intervenors seek to do is make one, who has effectively opted out of the class by virtue of filing an earlier separate suit, proceed as a member of the class. See La. C.C.P. art. 592 B(1). Adding additional parties can only be accomplished by amending the original petition, not by an intervention asserting a class action pursuant to La. C.C.P. art. 591 et seq.
For the foregoing reasons, we grant the relator's supervisory writ. We sustain the relator's exception of no right of action and dismiss Ms. James' and Ms. Ette's petition of intervention.
SUPERVISORY WRIT GRANTED; JUDGMENT REVERSED; EXCEPTION OF NO RIGHT OF ACTION SUSTAINED; INTERVENTION DISMISSED.