DALEY, Judge.
| sPlaintiffs, Mary L. Classen and Anthony C. Classen, appeal the trial court’s grant of defendants’ Exception of Res Ju-dicata. For the reasons that follow, we affirm.
This action arises out of an automobile accident that occurred in Jefferson Parish on May 24, 2002, between an automobile driven and owned by Vivian Hofmann and an automobile driven by Mary L. Classen and owned by her and her husband, Anthony C. Classen.[1] On July 29, 2002, Hof-mann filed suit in Civil District Court, Parish of Orleans, for personal injuries and property damage, naming as defen *78 dants Mrs. Classen, USAA Insurance (Mrs. Classen’s liability insurer), and Horace Mann Insurance Company (Hofmann’s uninsured/underinsured motorist insurance carrier). Mrs. Classen was personally served on August 7, 2002. In this suit, Mrs. Classen was represented by counsel provided by her liability insurance carrier, USAA.
l40n November 12, 2002, the Classens, represented by different counsel, filed the instant suit, in the 24th JDC in Jefferson Parish, against Mrs. Hofmann and her liability carrier, Horace Mann Insurance, alleging personal injuries and property damage arising out of the same automobile accident that formed the basis for Mrs. Hofmann’s suit in Orleans Parish. Mrs. Classen answered the Orleans Parish suit, but did not file a reconventional demand in the Orleans Parish suit. Mrs. Hofmann answered the Jefferson Parish suit, but did not file an Exception of Lis Pendens in the Jefferson Parish suit.
The parties to the Orleans Parish suit settled the case before the conclusion of the Jefferson Parish suit. On November 24, 2004, pursuant to a Joint Motion to Dismiss, an Order dismissing the suit with prejudice was signed. No appeals were taken in that matter.
On February 25, 2005, defendants, Hof-mann and Horace Mann Insurance Company, filed an Exception of Res Judicata in the instant matter, citing the dismissal with prejudice of the Orleans Parish suit as the basis for the Exception. The Exception was heard on March 30, 2005. The trial court granted the Exception, without reasons, by judgment signed on April 11, 2005.
On appeal, the Classens argue that the trial court erred in granting the Exception because one essential element, that the parties must be the same, was not met, nor did the parties appear in the same capacity in both suits. Next, the Classens argue that the trial court erred because the issues in the Orleans Parish lawsuit were not actually litigated or decided; the Clas-sens’ insurance company, they argue, merely made a business decision to settle the lawsuit.
LSA-R.S. 13:4231, amended in 1991, states:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
|R(1) If the judgment-is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
LSA-C.C.P. art. 1061(B), which was also amended in 1991, states that the defendant in the principal action, except in an action for divorce under Civil Code Article 102 or 103, shall assert in a reconventional demand all causes of action that he may have against the plaintiff that arise out of the transaction or occurrence that is the subject matter of the principal action (emphasis added).
*79 In Tower Partners, L.L.C. v. Wade, 2003-0665 (La.App. 4 Cir. 1/21/04), 869 So.2d 126, 129, the court summarized recent jurisprudence on res judicata as follows:
In Terrebonne Fuel & Lube, Inc. v. Placed Refining Co., 95-0654, 95-0671 (La.1/16/96), 666 So.2d 624, the Louisiana Supreme Court discussed the scope of res judicata as follows:
Res judicata is an issue preclusion device found both in federal law and in state law. Prior to the amendments to Louisiana res judicata law effective in 1991, Louisiana law on res judicata was substantially narrower than federal law. The purpose of both federal and state law on res judi-cata is essentially the same; [sic] to promote judicial efficiency and final resolution of disputes by preventing needless relitigation.
95-0654, p. 11-12; 666 So.2d at 631.
In Terrebonne, the Supreme Court also stated: “the original Louisiana doctrine of res judicata was based on a presumption of correctness rather than an extinguishment of the cause of action. A decided case precluded a second suit only if it involved the same | fiparties, the same cause and the same object of demand as the prior suit.” 95-0654, p. 12; 666 So.2d at 632 (citation omitted). The Supreme Court further stated that under La. R.S. 13:4231, as amended effective 1 January 1991, the following would be the case:
[A] second action would be barred because it arises out of the occurrence which was the subject matter of the prior litigation. The central inquiry is not whether the second action is based on the same cause or cause of action (a concept which is difficult to define) but whether the second action asserts a cause of action which arises out of the transaction or occurrence which was the subject matter of the first action.
Id., quoting Comments — 1990, La. R.S. 13:4231.
The official comment to article 1061, which was also amended effective 1 January 1991, states in pertinent part:
(a) Judicial efficiency is served by requiring the defendant though compulsory reconventional demand to assert all causes of action he may have against the plaintiff that arise out of the transaction or occurrence that is the basis for the plaintiffs action.
(b) Furthermore, if the defendant has a cause of action arising out of the subject matter of the plaintiffs action, then the defense of res judicata will prevent relitigation of issues common to both causes of action except as otherwise provided by law. The requirement of a compulsory reconven-tional demand therefore also serves the interest of fairness by giving the defendant notice that he must assert his related cause of action.
In Burguieres v. Pollingue, 2002-1385 (La.2/25/03), 843 So.2d 1049, the Supreme Court set forth five criteria that must be met for a matter to be considered res judicata. They are:
(1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.
2002-1385, p. 8; 843 So.2d at 1053.
The Classens argue that the parties were different in each suit, as Mr. Classen *80 was not a defendant in the Orleans Parish suit, but was a plaintiff in the Jefferson Parish suit. They also argue that they appeared in different capacities in |7each suit: Mrs. Classen being a defendant in the Orleans Parish suit, and a plaintiff in the Jefferson Parish suit. These facts, they argue, should have defeated the Exception of Res Judicata.
As the Supreme Court explained in Burguieres v. Pollingue, supra, capacity means “legal capacity,” not whether a party is a plaintiff or a defendant. The court found that a previous suit against defendant Pollingue, as an executrix of an estate, did not make res judicata a second, later suit, filed by the same plaintiffs, against Pollingue as curatrix and trustee. The principle of identity of capacities was imposed, the Burguieries court explained, to safeguard the integrity of representative functions, a concept that is not applicable to this suit.
Given the fact that LSA-C.C.P. art. 1061 and LSA-R.S. 13:4231 must be read in pari materia⅛[2] it does not matter whether Mrs. Classen was a defendant in the Orleans suit and a plaintiff in the Jefferson Parish suit. C.C.P. art. 1061 requires her to assert any causes of action against Mrs. Hofmann and her insurer, which arise out of the same operative facts, via a compulsory counterclaim in the Orleans Parish suit. See also Hy-Octane Investments, Ltd. v. G & B Oil Products, Inc., 97-28 (La.App. 3 Cir. 10/29/97), 702 So.2d 1057.
Nor does the fact that Mr. Clas-sen was not a defendant in the Orleans suit defeat the Exception of Res Judicata in the Jefferson Parish suit under the specific facts of this case. It is true that only the named defendant in the principal action may proceed by way of a reconven-tional demand.[3] Mr. Classen was not a named defendant in the Orleans Parish suit, and, therefore, he could not have filed a reconventional demand in the Orleans Parish suit. However, Mr. Classen asserted a cause of action against Mrs. Hofmann for damages for loss of consortium, which is derivative of and dependent on Mrs. Classen’s cause of action for personal Isinjuries. Because his cause of action does not stand alone, he alone could not have filed an original suit against Mrs. Hofmann and her insurer, in any parish. Because C.C.P. art. 1061 required Mrs. Classen to reconvene in the Orleans Parish suit, Mr. Classen’s remedy was to file an intervention in the same matter to assert his claim for loss of consortium. This case differs from Burguieres v. Pollingue, supra, wherein the Exception of Res Judi-cata was reversed, in the second suit, as to Dr. Pollingue. Dr. Pollingue was not a defendant in the decedent’s children’s first suit against his wife as executrix, thus causing a lack of identity of parties fatal to his exception, but the critical issue in the defeat of his Exception of Res Judica-ta in the second suit was that the plaintiffs asserted a cause of action against him, independently of his wife, for his alleged independent tortious acts. No such independence exists in a loss of consortium claim.
Further, we find that Mr. Classen’s property damage claim is duplicative of his wife’s claim for the same. Their Jefferson Parish petition clearly alleges that they were married at all times pertinent thereto, and moreover identifies the damaged car as “petitioners’” (plural) car. As it appears that the car was community property, either party could sue to recover damages to it. LSA-C.C.P. art. 686. *81 Therefore, there was no requirement that Mr. Classen be joined in the suit to preserve this claim.
The Classens next argue that because the issues were never litigated in Orleans Parish, but were rather settled with no findings of fact or adjudication, the Exception of Res Judicata must be reversed. LSA-C.C.P. art. 1673 provides that a judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial. Given the clear language of this statute, there is no requirement that the claims be actually litigated for the doctrine of res judica-ta to apply. Leon v. Moore, 98-1792 (La.App. 1 Cir. 4/1/99), 731 So.2d 502. Since the | ^Orleans Parish suit was dismissed with prejudice, these principles of res judi-cata apply. Under the claim preclusion part of res judicata, a final judgment of dismissal with prejudice precludes the parties from relitigating matters that were or could have been raised in the first action. Blanchard v. ABC Ins. Co., 38,005 (La.App. 2 Cir. 3/3/04), 867 So.2d 901.
The Classens argue that they were not a party to the settlement in Orleans Parish. We give no moment to this argument, however. Mrs. Classen was clearly a defendant in that action, and the dismissal of the action operated in her favor. Moreover, the settlement documents introduced into this record show that both Mr. and Mrs. Classen, by name, were released by the settlement, in addition to their insurer.
Last, the Classens appeal to equity, arguing the application of “exceptional circumstances,” under LSA-R.S. 13:4232, that justify relief in their favor. This Court sees no exceptional circumstances, however, that warrant application of this statute. The Classens and their attorney in the Jefferson Parish suit were fully aware of the existence of the Orleans Parish suit, as is apparent by correspondence between counsel introduced into this record. They apparently gambled that their suit would reach judgment prior to the Orleans suit, and lost.
Accordingly, for the reasons stated above, the judgment of the trial court is affirmed.

AFFIRMED.

. The Classens are married and it is presumed that the auto in question is community property. Their Petition in Jefferson Parish referred to the “petitioners’ vehicle.”

. Walker v. Howell, 04-246 (La.App. 3 Cir. 12/15/04), 896 So.2d 110.

. Baldwin v. Antin, 95-0714 (La.App. 1 Cir. 2/23/96), 673 So.2d 1049.