| | | |
|---|---|---|
| **JERMAR W. THEODORE** | * | **NO. 2021-CA-0668** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **BRENTON P. JOHNSON, IMC** | * | |
| **HOLDINGS LLC, DEFINITION** | | **FOURTH CIRCUIT** |
| **TRUCKING CO. & GREAT** | * | |
| **WEST CASUALTY COMPANY** | | **STATE OF LOUISIANA** |

**\* \* \* \* \* \* \***

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-02182, DIVISION "E"
Honorable Omar Mason, Judge
\* \* \* \* \* \*
**Judge Daniel L. Dysart**
\* \* \* \* \* \*
(Court composed of Judge Roland L. Belsome, Judge Daniel L. Dysart, Pro
Tempore Judge Madeline Jasmine)


Brian Lee King
THE KING FIRM, LLC
2912 Canal Street
New Orleans, LA  70119

Jason F. Giles
THE KING FIRM, LLC
2912 Canal Street
New Orleans, LA  70119


      COUNSEL FOR PLAINTIFF/APPELLANT


James Michael Dill
THE DILL FIRM, APLC
825 Lafayette Street
P. O. Box 3324
Lafayette, LA 70502-3324

David R. Rabalais
THE DILL FIRM
825 Lafayette Street
Lafayette, LA 70501


COUNSEL FOR DEFENDANT/APPELLEE


**AFFIRMED**

**MARCH 30, 2022**

In this automobile tort case, the plaintiff/"intervenor," Jarrell Taylor, appeals the trial court's maintaining of a peremptory exception of prescription in favor of the defendants, Brenton P. Johnson, IMC Holdings, LLC and Great West Casualty Company, and the dismissal of his claims. We affirm.

**FACTS AND PROCEDURAL HISTORY**

On March 10, 2020, Jarrell Taylor was a passenger in a vehicle driven by Jermar Theodore, which collided with a vehicle driven by Brenton P. Johnson. Mr. Johnson worked for IMC Holding, LLC, and the vehicle he was driving at the time was insured by Great West.

On March 10, 2021, Mr. Theodore filed a petition for damages against Mr. Johnson, IMC Holding, Great West and Dimension Trucking Company. On April 16, 2021, Mr. Taylor filed a petition for intervention in Mr. Theodore's lawsuit. Mr. Taylor asserted claims against the defendants named by Mr. Theodore, as well as against Mr. Theodore and Mr. Theodore's liability insurer, GoAuto Insurance Company.

Mr. Theodore and the defendants named in his original petition resolved their dispute, and on May 6, 2021, the trial court signed a joint motion and order

1

for dismissal with prejudice of Mr. Theodore's action. Thereafter, the defendants filed an exception of prescription in response to Mr. Taylor's pleading, as it had been filed more than one year since the accident in question.

Following a hearing on the exception on August 13, 2021, the trial court maintained the defendants' exception of prescription, reasoning that "the petition for intervention is a petition for damages that was filed outside of the prescriptive period." This ruling was incorporated into a judgment executed on September 27, 2021. It is from this judgment that Mr. Taylor appeals.

**STANDARD OF REVIEW**

The standard of review applicable to this appeal is whether the trial court's decision was "legally correct." *Oscot v. Acadian Ambulance Serv.*, 19-863 p. 3 (La. App. 3 Cir. 7/15/20), 304 So.3d 487, 490 quoting *Arlon v. Tedesco*, 14-1281, p. 3 (La. App. 3 Cir. 4/29/15), 176 So.3d 1125, 1128. The party pleading the exception bears the burden of proof unless it is apparent on the face of the pleadings that the claim is prescribed, in which case the plaintiff must prove it is not [prescribed]. *Id.*, 19-863, pp. 3-4, 304 So.3d at 490.

**DISCUSSION**

On appeal, Mr. Taylor raises the following assignments of error: (1) "[t]he district court erred in holding that a passenger in an auto accident cannot intervene in a lawsuit filed by the driver of the car he was in, as allowed by La. C.C.P. art. 1091[1];" and (2) "the district court erred in failing to apply La. C.C.P. art. 1041[2] to the question of whether an intervention is prescribed."

---

[1] A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:

(1) Joining with plaintiff in demanding the same or similar relief against the defendant;

Mr. Taylor's position that his action was an intervention and not a separate action for damages is based on three assumptions. The first is that by captioning a pleading as a petition for intervention renders it an incidental demand; the second is that the pleading is an incidental demand; and the last is that he can maintain an intervention at law.

"The caption, or heading, of the pleading does not control and the court is obligated to ascertain the substance of the pleading." *Bellsouth Telecommunications, Inc. v. Ferguson*, 42,742, p. 2 (La. App. 2 Cir. 1/16/08), 974 So.2d 790, 792. "Our courts look beyond the caption, style, and form of pleadings to determine from the substance of the pleading the nature of the proceeding; thus, a pleading is construed for what it really is, not what it is erroneously called." *Rochon v. Young*, 08-1349, p. 3 (La. App. 1 Cir. 2/13/09), 6 So.3d 890, 892. In other words, just because Mr. Taylor calls his pleading a petition for intervention, it does not make it one. A court must determine what a pleading truly is and not what it purports to be.

A non-party only has the right to intervene pursuant to La. C.C.P. art. 1091, "if he has a justiciable right related to or connected with the principal suit." *Baldwin v. Antin*, 95-0714, p. 4 (La. App. 1 Cir. 2/23/96), 673 So.2d 1049, 1051. "It is well settled by jurisprudence that the requirements for an intervention are twofold: (1) the intervenor must have a justiciable interest in, and connexity to, the principal action, and (2) the interest must be so related or connected to the facts or object of the principal action that a judgment on the principal action will have a

_____

(2) Uniting with the defendant in resisting the plaintiff's demand; or
(3) Opposing both plaintiff and defendant.
[2] An incidental demand is not barred by prescription or preemption if it was not barred at the time the main demand was filed and is filed within ninety days of service of main demand or in the case of a third party defendant within ninety days from service of the third party demand.

direct impact on the intervenor's rights." *1026 Conti Condominiums LLC v. 1025 Bienville, LLC*, unpub.10-0826, 10-0827, 10-0828, p. 13 (La. App. 4 Cir. 8/5/20), *writ denied*, 20-01124 (La. 11/10/20), 303 So.3d 1044. "'Connexity' requires the party seeking to intervene establish that the outcome of the suit will have a direct impact on the party's rights." *Diefenthal v. Longue Vue Found.*, 02-1470, p. 12 (La. App. 4 Cir. 1/7/04), 865 So.2d 863, 872 (citing *Leger v. Kent*, 01-2241, p. 4 (La. App. 4 Cir. 4/24/02), 817 So.2d 305, 307-308). There must be a *res judicata* effect upon the intervenor's claim. *See Leger v. Kent*, 01-2241 (La App. 4 Cir. 4/24/02), 817 So.2d 305.

As stated above, the fact that Mr. Taylor labels his pleading as a petition for intervention does not automatically make the pleading a petition for intervention. Although there may be some connection between Mr. Taylor's action and the principal action filed by Mr. Theodore, they are not so connected where a judgment in Mr. Theodore's case would affect the rights of Mr. Taylor. Mr. Taylor would still be able to maintain an independent cause of action. There is no complete identity of parties between the two actions, and there would be no *res judicata* effect.

"It is well settled that an intervenor takes the proceedings as he finds them." *IberiaBank v. Live Oak Circle Dev., L.L.C.*, 12-1636, p. 7 (La. App. 1 Cir. 5/13/13), 118 So.3d 27, 32. "The intervenor cannot change the issue between the parties, and can raise no new one." *Id.* "The intervenor's rights are confined to joining or resisting either the plaintiff or defendant, or opposing both." *Mike M. Marcello, Inc. v. Louisiana Gaming Control Bd.*, 04-0488, p. 5 (La. App. 1 Cir. 5/6/05), 903 So.2d 545, 548. "The reason why the intervenor's rights are so

4

limited is because she always has her own remedy by a separate action to inject new issues." *Id.*

In the instant case, Mr. Taylor raises new issues with his claims against Mr. Theodore and Mr. Theodore's insurer. Accordingly, Mr. Taylor's claims cannot be maintained as an intervention but must be brought as a separate action. Considering that Mr. Taylor's action must be brought as a separate action, his petition was prescribed on its face, being that it was filed more than one year after the accident. Mr. Taylor is unable to prove that his action is not prescribed.

**CONCLUSION**

For the foregoing reasons, we find that the trial court was legally correct in construing Mr. Taylor's petition as a petition for a new action and not an intervention. We also find that the trial court was correct in finding that Mr. Taylor's action had prescribed and thereupon dismissing it with prejudice. Accordingly, the judgment of the trial court is affirmed.

**AFFIRMED**