|,JAMES L. CANNELLA, Judge.
Intervenors, Walker Isuzu, Inc., Peake Motors Company, Inc., Thomas M. Benson, and Benson Motors Corporation (the Benson group), appeal from the trial court ruling dismissing them, on an exception of no right of action, from the interdiction proceedings filed against Brian Campbell. In the interdiction, the petitioner, Melissa Campbell, is Brian Campbell’s wife. For the reasons which follow, we affirm.
The Benson group are defendants in a personal injury lawsuit brought by Brian Campbell. That suit is titled Brian Campbell v. Tork, Inc., et al, No. 489-773, and is presently awaiting trial in Division “M” of the Twenty-Fourth Judicial District Court for the Parish of Jefferson. The suit was filed following a work-related electrical shock accident that occurred on February 22, 1995. Brian Campbell contends that he suffered brain damage from the accident that has left him permanently disabled and incapable of returning to work.
| $ A. workers’ compensation claim was also filed and pursued. Following the finality of that claim, in which benefits were denied and affirmed on appeal, Campbell v. Benson BMW/Isuzu/VW, Inc., 98-861 (La.App. 5th Cir.3/10/99), 735 So.2d 49, the parties moved forward with the tort suit.
Subsequently, on January 10, 2000, Melissa Campbell filed a Petition for Interdiction of her husband which was allotted to Division “A” of the Twenty-Fourth Judicial District Court. She alleged that her husband is permanently impaired as a result of the accident that occurred on February 22, 1995. The Benson group seeks to intervene in the interdiction proceedings, alleging that the interdiction would prejudice them in the personal injury lawsuit. Specifically, the Benson group was concerned that a judgment of interdiction against Brian Campbell would be used as evidence of his brain injury in the personal injury suit. Further, the Benson group alleged that the interdiction would be used to prevent Brian Campbell from having his deposition updated or from testifying at trial.
An Order granting the Benson group leave to file their Petition of Intervention was granted on July 26, 2000. Thereafter, Melissa Campbell answered the Petition of Intervention and filed an exception of no right of action. On October 12, 2000, following a hearing on the exception, the district court judge of Division “A” ordered the transfer of the interdiction proceedings to Division “M”, where the personal injury case was allotted. During a status conference in Division “M”, it was agreed that the exception of no right of action would be decided on memoranda and without oral argument. Both parties filed pleadings. On April 19, 2001, the trial court granted Melissa Campbell’s exception of no right of action and dismissed the Benson Group from the |interdiction proceedings. It is from this ruling that the Benson group appeals herein.
On appeal the Benson group argues that the trial court erred in finding that it had no right to intervene in the interdiction proceedings against Brian Campbell.
La. C.C.P. art. 1091, authorizing interventions in a pending action, provides:
A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
(2) Uniting with defendant in resisting the plaintiffs demand; or
(3) Opposing both plaintiff and defendant.
*910 Jurisprudentially, we have held that the requirements for intervention are twofold: the intervenor must have a justi-ciable interest in, and connexity to, the principal action, and the interest must be so related or connected to the facts or object of the principal action that a judgment on the principal action will have a direct impact on the intervenor’s rights. Atchley v. Atchley, 97-474 (La.App. 5th Cir. 1/14/98), 707 So.2d 458, 459. A “justi-ciable interest” is defined as “the right of a party to seek redress or a remedy against either [the] plaintiff or defendant in the original action or both, and where those parties have a real interest in opposing it.” The right, if it exists, must be so related or connected to the facts or object of the principal action that a judgment on the principal | Baction will have a direct impact on the intervenor’s rights. Id.; Amoco Prod. Co. v. Columbia Gas Trans. Corp., 455 So.2d 1260 (La.App. 4th Cir.1984).
The object of the principal action, the interdiction, is to determine whether, due to infirmity, the named person is unable consistently to make reasoned decisions regarding the care of his person and property and whether his interests can only be protected by limiting his capacity to make juridical acts and appointing someone to represent him in juridical acts and to care for his person or affairs. La. C.C. arts. 389, 392 and 395.
By the judgment rendered, dismissing the intervention by the Benson group on an exception of no right of action, the trial court found that the Benson group did not have a justiciable interest that was related or connected to the facts of the principal demand or that judgment on the principal demand would have a direct impact on its’ rights.
A trial court judgment on an exception of no right of action is reviewed de novo by the appellate court. Horrell v. Horrell, 99-1093 (La.App. 1st Cir.10/6/00), — So.2d-, 2000 WL 1486583; Aucoin v. Fell, 00-1254 (La.App. 3rd Cir.2/7/01), 779 So.2d 1087. Upon review of the record, arguments and applicable law, we agree with the trial court finding that the Benson group does not have a justiciable interest that is so related or connected to the facts of the principal demand that judgment on the principal demand would have a direct impact on its rights.
The Benson group argues that, as defendants in a personal injury suit brought against them by the proposed interdict, their interests will be affected by the interdiction proceedings. Their argument is three-fold: (1) that the interdiction judgment can somehow be used in the personal injury trial to prove |fian issue in that case, injury to Brian Campbell and liability for that injury resting with the Benson group; (2) that the interdiction judgment will prevent the updating of Brian Campbell’s deposition; and (3) that the interdiction judgment will prevent Brian Campbell from testifying during the personal injury trial. While we have considered the Benson group’s concerns, we do not find that they rise to the level of justifying the intervention in the interdiction proceedings.
Rather, all of the concerns expressed by the Benson group can be adequately resolved by the trial judge in either pre-trial proceedings or by rulings during the trial of the personal injury case. If the Benson group takes issue with any such rulings as they arise, they can seek appellate review of those rulings at that time. The Benson group can be adequately protected before and during trial, and can present then, without prejudice by the interdiction judgment, the evidence that they seek to present in the interdiction proceedings, that Brian Campbell does not have any mental injury for which they are liable. In other words, while we find the concerns by the *911 Benson group to be legitimate, we also find that they can be resolved before or during the personal injury trial and do not provide sufficient connexity to the interdiction-proceedings to justify the intervention therein.
The interdiction action is a personal action brought by Brian Campbell’s wife to eliminate the capacity of Brian Campbell to make a juridical act. An attorney was appointed to represent Brian Campbell in the interdiction action. The actions of that attorney are not before us in this appeal. The interests of the Benson group, as concerns the personal injury litigation, simply does not provide adequate connection with the issue in the interdiction, that is, whether Brian Campbell is today, more than six years after the alleged work related accident |7that caused him injury, incapable of consistently making reasoned decisions regarding the care of his person and property. Based on the foregoing, we find that the Benson group does not have a justicia-ble interest in the interdiction proceedings.
The Benson group has cited several cases in support of their argument that they should be allowed to intervene in the interdiction proceedings. Gore v. Barrow, 137 La. 320, 68 So. 625 (1915) (where a creditor intervened); Doll v. Doll, 156 So.2d 275 (La.App. 4th Cir.1963) (where a nephew and nieces intervened); Interdiction of Joseph Dumas, 32 La. Ann. 679 (La.1880) (where two children intervened); and Interdiction of Polmer, 141 So.2d 696 (La.App. 1st Cir.1961) (where the undercu-ratrix intervened). We do not find those cases persuasive here. We do not herein hold that an intervention in an interdiction is never possible. Rather, we find that based on the asserted interests by the Benson group in this case, they do not provide a sufficient connection with the object of the interdiction proceeding.
Accordingly, for the foregoing reasons, we affirm the trial court ruling granting the exception of no right of action and dismissing the intervention of the Benson group from the proceedings to interdict Brian Campbell. Costs of appeal are assessed to the Benson group.
AFFIRMED.