836 So.2d 274 (2002)
In re SUCCESSION OF Brian WALKER.
No. 02-CA-625.
Court of Appeal of Louisiana, Fifth Circuit.
December 11, 2002.
Writ Denied March 28, 2003.
*275 Kent B. Ryan, Lemle & Kelleher, L.L.P., New Orleans, LA, for Appellants, Memco Barge Line, Inc., Memco Barge Line 1998 and Continental Insurance Company.
Harold E. Molaison, Adrian F. Lapeyronnie, III, Molaison & Greenberg, Gretna, LA, for Appellee, Succeson of Brian Walker.
Panel composed of Judges JAMES L. CANNELLA, SUSAN M. CHEHARDY and WALTER J. ROTHSCHILD.
JAMES L. CANNELLA, Judge.
Memco Barge Line, Inc., Memco Barge Line 1998 Trust and Continental Insurance Company (Memco), Defendants in a wrongful death and survival tort action filed in Orleans Parish Civil District Court, appeal from a judgment of filiation rendered herein, finding that Brian Walker, the decedent, was the father of seven minor children, namely, Brian Joseph Lewis, Brinton Jones, Britney Jones, Brindell Dorsey, Brandon Dorsey, Braneshia Dorsey and Kewanda Smith (the minor children). For the reasons which follow, we grant the exception of no right of action filed on behalf of the succession and dismiss the appeal.
In the history of this case, the decedent died on January 15, 2000 when he fell overboard into the Mississippi River while working as a longshoreman for Memco. On January 21, 2000, a wrongful death and survival action was filed in Orleans Parish Civil District Court on behalf of the minor children and the Estate of Brian Walker. Plaintiffs in the tort suit made no express allegations of illegitimacy or filiation.
On April 6, 2000, this suit was filed by Michael Walker, the brother of the decedent, with a Petition for Appointment of Provisional Administrator. The petition alleged that "the heirs, as in the Affidavit of Death and Heirship" have requested that a provisional administrator be appointed. The Affidavit of Death and Heirship, stated that "Brian Walker had seven minor children, namely: Brian Joseph Lewis, Brinton Jones, Britney Jones, Brindell Dorsey, Brandon Dorsey, Braneshia Dorsey and Keywanda Smith.[1]" A Detailed Descriptive List was also filed providing that the only succession asset was an "Interest in the proceeds of a wrongful *276 death action filed on behalf of the deceased, Brian Walker, by all of the heirs of the deceased against TransOcean Terminal Operators, Inc., MEMCO Barge Line, Inc., Electric Fuels Corporation, Florida Progress Corporation and Stevedores, Inc." Other than the filing of the Oath and the Letters of Administration on April 18, 2000, no further action was taken in the succession proceedings until March 19, 2002.
Meanwhile, in the Orleans Parish tort action, on April 9, 2001, over a year after the decedent's death, Memco filed an Exception of No Right of Action, No Cause of Action and Improper Venue. The no right of action, no cause of action exceptions were grounded on the fact that the children had not timely petitioned for filiation and thus were not proper parties in the tort action. On July 11, 2001, following a hearing, the trial court rendered judgment granting the exceptions of no right of action and no cause of action and dismissed the claims against the defendants with prejudice.[2] In a motion for new trial, the plaintiffs argued that the filiation had been commenced in the succession proceedings. The trial court denied the motion for new trial. In subsequent reasons for judgment, the trial court found that, under La. C.C. art. 209, filiation to the alleged deceased parent must be established within one year of the death and plaintiffs failed to file a filiation action within one year of the decedent's death and thus are barred from establishing filiation and have no right of action. That judgment is presently on appeal to the Fourth Circuit Court of Appeal.
On March 19, 2002, in this proceeding, over two years after the accident in question, Michael Walker filed an "Amended and Supplemental Petition" in which he alleged filiation on behalf of the minor children and sought an order of filiation. Following a contradictory hearing in which proof of the relationship between the decedent and the seven children was presented, a filiation order was signed on March 28, 2002, finding that the seven minor children were the children of the decedent. On May 24, 2002, a Petition for Appeal was filed by Memco.
On appeal herein, Memco argues that the filiation judgment rendered on March 28, 2002, over two years after the death of the decedent, was erroneously rendered because La. C.C. art. 209 requires, as applicable to this case, that such action be instituted within one year of the death of the alleged parent.
The succession representative filed an Exception of No Right of Action in this Court, arguing that the appeal should be dismissed because Memco has no right to bring that appeal from the judgment of filiation. The succession representative also argues, on the merits, that the filiation judgment was properly rendered. It is argued that the filing of the succession proceedings constituted the timely institution of the filiation action by the reference therein to the seven minor children, by name, as the heirs of the decedent. The succession relies on the case of In the Matter of the Succession of Stevenson, 492 So.2d 100 (La.App. 1st Cir.), writs denied, 494 So.2d 1178 (La.1986), in support of its argument. The court in Succession of Stevenson held that the filing of a request for appointment as provisional administratrix of decedent's succession by the alleged child of the deceased constituted a civil action to establish filiation.
We do not reach the merits of the appeal because we find merit in the argument by the succession representative that *277 Memco has no right to appeal herein and that the appeal must be dismissed.
La C.C.P. art.2086 provides that "[a] person who could have intervened in the trial court may appeal, whether or not any other appeal has been taken." The object of an appeal is to give an aggrieved party to an action recourse to a superior tribunal for the correction of a judgment of an inferior court, and such right is extended not only to the parties to the action in which the judgment is rendered, but also to a third-party when such party is allegedly aggrieved by the judgment. Piper v. Central Louisiana Elec. Co., 437 So.2d 997 (La.App. 3rd Cir.1983). Thus, Memco has the right to prosecute this appeal, if it would have had the right to intervene in the succession proceedings in district court.
La. C.C. art. 1091, authorizing interventions in a pending action, provides:
A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
(2) Uniting with defendant in resisting the plaintiff's demand; or
(3) Opposing both plaintiff and defendant.
Recently, in the case Interdiction of Campbell, 01-0863 (La.App. 5th Cir.1/15/02), 807 So.2d 908, writs denied, 02-0499 (La.2/27/02), 810 So.2d 1148, this court considered the question of whether a tortfeasor could intervene in the interdiction proceeding involving the tort victim. Therein, we outlined the jurisprudential requirements for intervention, stating:
Jurisprudentially, we have held that the requirements for intervention are twofold: the intervenor must have a justiciable interest in, and connexity to, the principal action, and the interest must be so related or connected to the facts or object of the principal action that a judgment on the principal action will have a direct impact on the intervenor's rights. Atchley v. Atchley, 97-474 (La. App. 5th Cir.1/14/98), 707 So.2d 458, 459. A "justiciable interest" is defined as "the right of a party to seek redress or a remedy against either [the] plaintiff or defendant in the original action or both, and where those parties have a real interest in opposing it." The right, if it exists, must be so related or connected to the facts or object of the principal action that a judgment on the principal action will have a direct impact on the intervenor's rights. Id.; Amoco Prod. Co. v. Columbia Gas Trans. Corp., 455 So.2d 1260, (La.App. 4th Cir.1984).
Id. at p. 5, 807 So.2d at 910.
In Campbell, this court held that the interdiction action was a personal action brought by Brian Campbell's wife to eliminate the capacity of Brian Campbell to make a juridical act. The interest of an alleged tortfeasor did not provide adequate connection with the principal issue in the interdiction. In other words, we held that the alleged tortfeasor did not have a justiciable interest that was so related or connected to the facts of the principal demand, (the interdiction), that judgment on the principal demand would have a direct impact on the tortfeasors rights.
We find the principles of the Campbell case applicable here. The principal action of this succession case is to determine who are the heirs and who is entitled to inherit any property of which the decedent died possessed. It is a personal action brought by the brother of the deceased to *278 determine the rightful heirs of the decedent's estate. Memco, as a possible tortfeasor,[3] does not have a direct justiciable interest that is related or connected to the object of the principal action in the succession. Under the law and jurisprudence, we find that the interests of Memco, as concerns the contingent personal injury litigation, simply does not provide it with an adequate connection with the principal action in the succession proceeding, that is, a determination of the rightful heirs of the decedent and the property of which he died possessed. We find that Memco would not have had a right to intervene in the succession proceeding in the district court and, therefore, they have no right to pursue this appeal of a succession judgment.
Memco argues that, under the peculiar circumstances of this case, where the deceased tort victim has no legitimate descendants, a judgment precluding the filiation of the deceased's illegitimate descendants will have an effect on Memco's rights by precluding a wrongful death and/or survival action against it. While we are mindful of the peculiar circumstances of this case, where the decedent has no legitimate descendants and precluding the filiation of his illegitimate descendants could inure to the benefit of an alleged tortfeasor, we are not persuaded that this is the proper perspective from which to view the issue presented. Rather, we find that the issue before us is broader than Memco would have us view it. The issue before us is whether a party, who is a potential tortfeasor or alleged tortfeasor of the decedent, has a right to intervene in the succession proceedings of the decedent where the principal issue in the succession concerns a determination of who are the rightful heirs of the decedent. For the reasons set forth above, we find that the alleged tortfeasor does not have a justiciable interest in the succession proceedings of the deceased tort victim.
Accordingly, we grant the Exception of No Right of Action filed by the succession representative in response to the appeal filed by Memco, who was not a party to the succession proceedings in the district court and, hereby, order the appeal dismissed. Costs of appeal are assessed against Memco.
EXCEPTION GRANTED, APPEAL DISMISSED.
NOTES
[1] We note that the spelling of this child's name is different in various documents, but they refer to the same person.
[2] The exception of improper venue was found to be moot.
[3] The tort case against Memco filed in Orleans Parish was dismissed with prejudice and is presently on appeal.