903 So.2d 545 (2005)
MIKE M. MARCELLO, INC.
v.
LOUISIANA GAMING CONTROL BOARD.
Nos. 2004 CA 0488, 2004 CW 1224.
Court of Appeal of Louisiana, First Circuit.
May 6, 2005.
Rehearing Denied June 21, 2005.
*546 R. Bruce Macmurdo, Baton Rouge, for Plaintiff-Appellee, Mike M. Marcello, Inc.
L. Rand Dennis, Baton Rouge, for Defendant-Appellee, Louisiana Gaming Control Board.
Jeff Diez, Gonzales, for Defendant-Appellee, Ascension Parish.
Nathan J. Folse, Baton Rouge, for Defendant-Appellee, St. James Parish.
Claude F. Reynaud, Jr., Jeanne C. Comeaux, Lauren S. Coenen, Baton Rouge, for Intervenor-Appellant and Relator, Natalie Adams.
Before: CARTER, C.J., PETTIGREW, and MCDONALD, JJ.
CARTER, C.J.
This procedurally complicated case arose out of a dispute over property on which Lucky Star Auto/Truck Stop (Lucky Star) is located, and whether video poker is allowed at the location. The two possible locations were St. James Parish, a parish where video poker operations are allowed, and Ascension Parish, a parish where video poker operations are not allowed. The Louisiana Gaming Control Board (Gaming Board) originally denied Lucky Star's application for a license to operate video gaming devices at the location because Lucky Star's application designated its location as Ascension Parish. *547 Lucky Star, and owner, Mike M. Marcello, Inc. (plaintiffs), filed suit against the Gaming Board to declare that Lucky Star was actually located in St. James Parish and to have the Gaming Board ordered to process plaintiffs' application and issue a license to operate video gaming devices at Lucky Star.[1]
This appeal and the related writ application were both filed by a third party intervenor, Natalie Adams (the intervenor), who is a resident of Ascension Parish. The trial court denied the intervenor's motion for leave to file a petition of intervention in the underlying suit, which was filed three years after plaintiffs brought the underlying suit against the Gaming Board. The two parishes were also made parties in the underlying suit by way of third-party demands. The intervenor appealed from the trial court's denial of her right to intervene, and while the appeal was pending, the underlying suit went to trial.[2] A judgment was rendered in the underlying suit declaring that pursuant to a court-ordered survey, the Lucky Star property was actually located in St. James Parish. The February 5, 2004 trial court judgment further ordered the Gaming Board to accept and process Lucky Star's application for a license to operate video gaming devices at its premises.
No party to the underlying suit appealed from the trial court judgment. However, the intervenor filed a motion and order for a suspensive appeal of the February 5, 2004 judgment, arguing that the trial court judgment circumvented the will of Ascension Parish residents to not allow gaming within that parish, and that the boundary line between St. James and Ascension parishes was improperly moved from one parish to another without following statutory procedural requirements. The trial court denied the intervenor's motion for an appeal, and the intervenor sought a supervisory writ with this Court to review the trial court's denial of the motion to appeal. The writ was referred to the merits of the intervenor's pending appeal.[3]
It is in this procedural posture that we now review the ultimate issue involved in both the appeal and the writ: Does the intervenor have a right to intervene in the underlying suit? If so, then the intervenor has a right to appeal the trial court judgment rendered in the underlying suit. For the following reasons, we find that the intervenor had no right to intervene in the underlying suit and therefore, she had no right to appeal herein.

LAW AND ANALYSIS
Louisiana Code of Civil Procedure article 2086 provides that "[a] person who could have intervened in the trial court may appeal, whether or not any other appeal has been taken." The object of an appeal is to give an aggrieved party recourse for the correction of a judgment, and such right is extended not only to the parties to the action in which the judgment is rendered, but also to a third-party when such party is allegedly aggrieved by the judgment. In re Succession of Walker, 02-625 (La.App. 5 Cir. 12/11/02), 836 So.2d 274, 277, writ denied, 03-0110 (La.3/28/03), 840 So.2d 572. Thus, there is a right to *548 prosecute an appeal if the intervenor would have had the right to intervene in the underlying proceedings.
Louisiana Code of Civil Procedure article 1091, authorizing interventions by third persons in a pending action, provides:
A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
(2) Uniting with defendant in resisting the plaintiff's demand; or
(3) Opposing both plaintiff and defendant.
(Emphasis added.)
It is well settled by jurisprudence that the requirements for intervention are twofold: the intervenor must have a justiciable interest in, and connexity to, the principal action, and the interest must be so related or connected to the facts or object of the principal action that a judgment on the principal action will have a direct impact on the intervenor's rights. In re Succession of Walker, 836 So.2d at 277, (quoting from In re Interdiction of Campbell, 01-863 (La.App. 5 Cir. 1/15/02), 807 So.2d 908, 910, writ denied, 02-0499 (La.2/27/02), 810 So.2d 1148.) A "justiciable interest" is defined as "the right of a party to seek redress or a remedy against either [the] plaintiff or defendant in the original action or both, and where those parties have a real interest in opposing it." The right, if it exists, must be so related or connected to the facts or object of the principal action that a judgment on the principal action will have a direct impact on the intervenor's rights. Id.
It is also well settled that an intervenor takes the proceedings as she finds them, and she cannot substitute herself for one of the parties and urge matters that enlarge the issues or modify the basic procedural nature of the principal demand by way of intervention. Rubion Transfer & Storage Co. v. Louisiana Public Service Commission, 240 La. 440, 123 So.2d 880, 883 (1960); Leger v. Kent, 01-2241 (La. App. 4 Cir. 4/24/02), 817 So.2d 305, 308. The intervenor cannot change the issue between the parties, and can raise no new one. She must take the suit as she finds it without raising issues between the defendant and the plaintiff that they have not themselves raised. The intervenor's rights are confined to joining or resisting either the plaintiff or the defendant, or to opposing both. LSA-C.C.P. art. 1091. The reason why the intervenor's rights are so limited is because she always has her own remedy by a separate action to inject new issues. Rubion Transfer & Storage Co., 123 So.2d at 883, n. 5.
In the case sub judice, plaintiffs' underlying lawsuit involved a declaratory action seeking a declaration that the Lucky Star property was actually located in St. James Parish, not Ascension Parish. Plaintiffs' suit also involved a mandamus action directing the Gaming Board to process plaintiffs' application for a license to operate gaming devices at the Lucky Star location. In the intervention, the intervenor seeks to force the two parishes that were brought into the underlying action by means of a third-party demand, to follow certain procedural and statutory guidelines to determine the boundary line between the parishes. The intervenor asserts that the residents of both parishes were being "robbed" of the right to vote concerning the location of the boundary line between the parishes, thereby circumventing *549 the will of the residents regarding video gaming operations.
It is obvious that the intervenor is attempting to change the issues between the parties. The fundamental object of the underlying suit concerns a determination of the exact location of Lucky Star's premises and Lucky Star's ability to operate video gaming devices on the premises. The intervention concerns larger issues not only regarding the boundary line between the parishes, but contesting the validity of the statutory procedure used for establishing the boundary. As we previously noted, the intervenor's rights are confined to joining or resisting the plaintiffs, the Gaming Board, or both. The procedure whereby the parishes established the boundary line was not at the heart of the issues in the underlying suit. Hence, the intervenor may not base her attack on the boundary-line procedure used by the parishes by intervening in the underlying suit. While we find that the concerns raised by the intervenor may be legitimate, the intervenor's recourse is not properly asserted in the underlying suit. There is an insufficient connexity to justify the intervention.

CONCLUSION
For the reasons assigned, we find that the intervenor did not have a right to intervene in the underlying proceeding. Therefore, the intervenor had no right to pursue an appeal of the February 5, 2004 trial court judgment that was rendered in the underlying suit. Consequently, the trial court did not err in denying the intervenor's motion for suspensive appeal, and we hereby deny the intervenor's application for supervisory writ of review. Additionally, we hereby affirm the trial court's denial of the intervenor's petition of intervention. All costs are to be paid by the intervenor, Natalie Adams.
SUPERVISORY WRIT DENIED; JUDGMENT OF THE TRIAL COURT AFFIRMED.
NOTES
[1] Initially, Mike M. Marcello, Inc. brought the petition for declaratory judgment and for issuance of a writ of mandamus against the Gaming Board. Later, Lucky Star was added as an additional plaintiff.
[2] The intervenor's multiple requests for a stay of the proceedings pending her appeal were denied or not considered by this Court and the Louisiana Supreme Court.
[3] Mike M. Marcello, Inc. v. Louisiana Gaming Control Board, 2004 CW 1224 (La.App. 1 Cir. 6/1/04) (unpublished order).