938 So.2d 1008 (2006)
Rodney J. STRAIN, Jr. in his Capacity as Sheriff of St. Tammany Parish
v.
Clare W. TRINCHARD, Esq., Leigh Ann Schell, Esq. Trinchard & Trinchard, L.L.C. and Northwestern National Insurance Company of Milwaukee, Wisconsin.
No. 2005 CA 1433.
Court of Appeal of Louisiana, First Circuit.
June 9, 2006.
*1009 Mark W. Smith, Metairie, Counsel for Appellant/Intervenor Gerald Burge.
Charles M. Hughes, Jr., Craig J. Robichaux, Gary L. Hanes, Mandeville, Counsel for Plaintiff/Appellee Rodney J. Strain, Jr.
Bruse A. Cranner, New Orleans, Counsel for Intervenor/Appellee H.S. Stanley, Jr.
Nancy J. Marshall, New Orleans, Counsel for Defendant/Appellee Northwestern National Insurance Company.
Gus A. Fritchie, III, James L. Trinchard, New Orleans, Counsel for Defendants/Appellee Trinchard & Trinchard.
Panel composed of Ad Hoc Judges JAMES L. CANELLA, MARION F. EDWARDS and SUSAN M. CHEHARDY.
SUSAN M. CHEHARDY, Judge, Ad Hoc.
At issue in this appeal is whether intervenor, Gerald Burge, has a right of action against defendants, the law firm of Trinchard & Trinchard, L.L.C. and Leigh Ann Schell, an attorney. To properly consider the merits of the appeal of the grant of the no right of action exception brought by the defendants, it is necessary to review the lengthy and complex history of this matter.
In 1980, Douglas Frierson was found murdered in St. Tammany Parish. The crime was investigated by Deputy Gary Hale, a detective with the St. Tammany *1010 Parish Sheriff's Office. Deputy Hale left the St. Tammany Parish Sheriff's Office in 1981, leaving all of the evidence accumulated in the investigation of the crime with the Sheriff's office. In 1985, Gerald Burge was tried and convicted of the murder of Douglas Frierson in St. Tammany Parish. In 1990, Mr. Burge filed a Petition for Post-Conviction Relief, based on information disclosed by E.J. Hermann, Jr. who was Chief of Detectives for the St. Tammany Parish Sheriff's Office at the time of the original investigation. Pursuant to the hearing on plaintiff's post-conviction relief petition, the court found that previously undisclosed, pertinent exculpatory reports and documents from the Frierson murder investigation were withheld from defendant. Mr. Burge was granted a new trial in 1990. Mr. Burge was found not guilty in a second trial in 1992.
In 1991, Mr. Burge filed a civil suit in federal court against Deputy Hale and Patrick Canulette, the St. Tammany Parish Sheriff, the St. Tammany Parish Sheriff's Office, the District Attorney of St. Tammany Parish and members of his staff.[1] Subsequently, Mr. Burge amended the suit to include Northwestern National Insurance Company of Milwaukee, WI. (Northwestern), the company which insures the St. Tammany Parish Sheriff's Office.
Shortly before the trial on the matter, Mr. Burge and Northwestern entered into a settlement agreement, whereby Mr. Burge accepted $75,000.00, giving a full release to Northwestern, and a partial release to the Sheriff and Mr. Hale, with the release of the Sheriff and Mr. Hale limited to the time period September 1, 1980 to September 1, 1983, and excluding Mr. Burge's claim for exemplary damages.
The matter went to a trial on the merits, resulting in a judgment against both the Sheriff and Mr. Hale. The potential value of the judgment totals over $7,000,000.00. The Sheriff appealed the judgment; however, Mr. Hale did not and the judgment against him is now final. Because Mr. Hale had no significant assets, involuntary bankruptcy proceedings were instituted against him.
The action in which the judgment at issue in this appeal was rendered derived from the above events. In March of 2003, the current sheriff of St. Tammany Parish, Rodney J. Strain, Jr., filed an action in his official capacity against Northwestern, the law firm of Trinchard & Trinchard, and two of its attorneys, Clare W. Trinchard and Leigh Ann Shell. The petition makes allegations of legal malpractice against the lawyers, breaches of fiduciary duties of good faith and fair dealing, and fraud against Northwestern.
According to the allegations made in the petition, American Druggists' Insurance Company issued a policy of insurance covering the St. Tammany Sheriff's Office, including Deputy Hale. The policy period extended from September 1, 1980 to September 1, 1983. Effective September 1, 1981, the policy was amended to increase the limits of liability from $100,000.00 per occurrence to $1,000,000.00 per occurrence.
Northwestern, which assumed responsibility for the American Druggists' policy answered Mr. Burge's complaint in the federal civil suit against the Sheriff and Deputy Hale in July of 1994. Northwestern was represented in that federal suit by Clare W. Trinchard, Esq. who had an ownership interest in the law firm of Trinchard & Trinchard, L.L.C. The answer denied *1011 coverage for the Sheriff and Deputy Hale. In the alternative, the answer plead that if coverage was found, the amount of coverage was $100,000.00, not the amended amount of $1,000,000.00.
At first, Northwestern refused to provide a defense for either the Sheriff or Deputy Hale. However, approximately one year after the answer was filed Northwestern undertook to defend Deputy Hale and the Sheriff, limiting its exposure to the policy period which was from September, 1980 to September 1, 1983. At that point, Clare Trinchard enrolled as counsel for the Sheriff and Deputy Hale. About two months later, Ms. Trinchard abandoned her representation of Northwestern. Northwestern was now represented by Michele Gaudin, Esq., who was "of counsel" with Trinchard & Trinchard, L.L.C. The petition alleges that Ms. Gaudin's law firm "shared office space and certain resources and business relationships with Trinchard & Trinchard, L.L.C."
Ms. Gaudin filed a Motion for Summary Judgment on behalf of Northwestern asserting no coverage, or in the alternative, a declaration that the lower policy limits were applicable. Ms. Trinchard, in her role as counsel of record for Mr. Hale and the Sheriff, failed to oppose the motion, although it appears from the petition that the Sheriff's private counsel did oppose the motion.
Ultimately, the motion for summary judgment was denied and settlement discussions began. Subsequently, counsel for Mr. Burge made an in globo settlement offer of $800,000.00, which was refused by Northwestern. About two months after this refusal, when defendant Leigh Ann Schell still represented the Sheriff and Mr. Hale, she sent an opinion letter to a claims person for Northwestern in which she stated:
While the plaintiff has not previously made this connection, the fact that the policy issued for the first year was `cancelled' and `replaced' by the manuscript policy within a three year period without specifically reserving the lower limit for occurrences during the first policy year weighs in favor of applying the higher limit to any occurrence during the three years.
In addition, I have located some correspondence in the file which would support the conclusion that $1,000,000 in coverage was intended. Particularly, the notes written on a letter from American Druggists' to Hayden Insurance Agency dated November 3, 1980 appear instructive. It seems that it was contemplated that $1,000,000 in coverage would be obtained.........
In conclusion, Ms. Schell wrote:
In short, Northwestern's best option is to settle with the plaintiff, obtaining a release for Gary Hale and Patrick Canulette for any liability related to September 1, 1980 through September 1, 1983. . . .
. . . Burge would likely not be willing to release the Sheriff for uninsured exposure since the Sheriff's self-insured fund is inadequately funded which may result in Burge executing a judgment against the sheriff's office.
The petition alleges that Ms. Schell did not transmit that information to either the Sheriff or Mr. Hale, in violation of her duty to seek and secure as much coverage as possible for her clients.
A Petition of Intervention in that lawsuit was filed by H.S. Stanley, Jr., in his capacity as the Trustee of the Bankruptcy Estate of Gary Hale. The petition adopts the allegations of legal malpractice and fraud, and names the same defendants. That petition survived an exception of no *1012 right/no cause of action filed by the defendants.
Subsequently, a Petition of Intervention was filed by Gerald Burge, appellant herein. In that petition Mr. Burge adopted the allegations in the main petition filed by Mr. Strain, as well as the allegations made in the petition of intervention filed by Mr. Stanley. Mr. Burge also alleges he has a final, nonappealable judgment in his favor against Gary Hale in excess of $7,500,000.00. Mr. Burge reasons that because he is a creditor in Mr. Hale's bankruptcy, he is a "person of interest" in the original petition for damages as a result of legal malpractice.
Defendants, Trinchard & Trinchard, L.L.C. and Leigh Ann Schell, filed an exception of no cause/no right of action to Mr. Burge's intervention. In support of that exception, defendants argued that they did not represent Mr. Burge in any litigation. They argue further that the mere fact that Mr. Burge is a creditor of Mr. Hale does not give rise to a sufficient interest to support his intervention in this lawsuit. In response to the exception raised by defendants, Mr. Burge amended his petition to add paragraphs asserting a misrepresentation claim against Northwestern Insurance Company related to the coverage provided for the damages sustained by Mr. Burge.
Subsequently, plaintiff Rodney J. Strain, Jr. filed an exception of no cause/no right of action to the intervention of Mr. Burge. Sheriff Strain opposed the intervention of Mr. Burge on the basis that any claim against defendants should be brought in federal court where these same issues are pending. After a hearing on the matter, the trial court maintained the exception dismissing both the original Petition of Intervention and the supplemental and amending petition without prejudice. It is that judgment that is the focus of this appeal.
In contrast to the complicated and convoluted history of this case, the issue before this court is straightforward and concise. Does Gerald Burge have a right of action against the defendants in this malpractice suit?
In brief to this court, Mr. Burge concedes that he does not have a claim for legal malpractice against Leigh Ann Shell, Claire W. Trinchard, or Trinchard & Trinchard. However, he argues that he does have a cause of action against Northwestern Insurance Company for misrepresentation of pertinent facts. Therefore, he reasons that he also has a cause of action against the legal representatives of Northwestern.
We are not persuaded by Mr. Burge's argument. This court recently set forth the law in this area in Treasure Chest Casino, L.L.C. v. Parish of Jefferson, 96-1010 (La.App. 1 Cir. 3/27/97), 691 So.2d 751.
The objection of no right of action tests whether the plaintiff has a "real and actual interest" in the suit. Stated another way, an exception of no right of action determines "whether the plaintiff belongs to the particular class to which the law grants a remedy for the particular harm alleged." The exception is appropriate when the plaintiff does not have an interest in the subject matter of the suit or legal capacity to proceed with suit in a particular case.
(citations omitted)

Id. 691 So.2d at 754
The requirements to show a right of action or interest in the matter by an intervenor are twofold: a justiciable interest in, and a closely related connexity to, the principal action. Mike M. Marcello, Inc. v. Louisiana Gaming Control Bd., *1013 04-0488 (La.App. 1 Cir. 5/6/05), 903 So.2d 545, 548.
In the matter before us, intervenor Gerald Burge argues his position of judgment creditor in the Hale bankruptcy proceedings, and the allegations of misrepresentation by Northwestern are sufficient to meet the requirements for stating a right of action as an intervenor. We disagree.
We find no law to support Mr. Burge's argument that he has a right to assert claims in bankruptcy for Mr. Hale. The proper person to assert those claims is the bankruptcy trustee. 11 U.S.C.A. § 323; Jones v. Chrysler Credit Corp., 417 So.2d 425 (La.App. 1 Cir.1982); writ denied, 420 So.2d 456 (La.1982); cert denied 459 U.S. 1114, 103 S.Ct. 747, 74 L.Ed.2d 966 (1983). Further, those claims have been asserted properly by the Stanley intervention.
Mr. Burge's claim against Northwestern is based on La. R.S. 22:1220(b)(1) and 22:1220(b)(3), which creates a limited cause of action against an insurance company in favor of a third party. See; Theriot v. Midland Risk Insurance Company, 694 So.2d 184 (La.1997). While, that may state a cause of action in a separate proceeding, it raises a new claim in this legal malpractice action. That is not permitted in intervention.
The intervenor takes the proceedings as he finds them. The intervenor cannot change the issue between the parties, and cannot raise a new one. An intervenor's rights are so restricted because he always can always assert his claim in a separate action. Mike M. Marcello, Inc. v. Louisiana Gaming Control Bd, supra. We believe that Mr. Burge must pursue his claims against Mr. Hale in the bankruptcy proceedings. Further, because his claims against Northwestern and its representatives present new issues in this legal malpractice action, it is improper for intervention. We also note that Mr. Burge's claims were dismissed without prejudice, leaving the opportunity open for him to pursue his claims in an appropriate action.
For the foregoing reasons, we find the trial court did not err as a matter of law in maintaining the exception of no right of action. Accordingly, we affirm the judgment.
AFFIRMED.
NOTES
[1] It appears that after preliminary proceedings, all defendants except the Sheriff and Mr. Hale were released from the law suit.