HILLARY J. CRAIN, Judge Pro Tem.
 

 12This is an appeal by Harry Dorsey, plaintiff-appellant, from a judgment granting sole possession of the property at issue in this litigation to Anthony McKay, defendant-appellee. For the following reasons, we vacate the judgment and remand the matter to the district court for trial of the case as a petitory action.
 

 The essential facts are these. The tract at issue is approximately 175 feet by 358.5 feet, situated in Boutte, St. Charles Parish. Harry Dorsey originally brought an eviction proceeding in Justice of the Peace court against Anthony McKay, who was living in a trailer on the tract. McKay filed various pleadings, including a reeon-ventional demand in which he claimed possession of the tract. He also moved to have the case transferred to district court, and this motion was granted.
 

 Subsequently, an intervention was filed by Steve Hills, Edward Hills, Larry Mitchell, Geraldine Hill, Matilda Alexander, Lillian Dorsey, Yvonne Diggs and |sJane Dorsey. Intervenors claimed that they were in possession of the property and were being disturbed by Harry Dorsey. During the course of the proceedings the original eviction action was dismissed, as were the reconventional demands of Geraldine Hill and Yvonne Diggs.
 

 Harry Dorsey has not answered the re-conventional demand filed by Anthony McKay. He did, however, answer the intervention. In that pleading he stated:
 

 That Harry Dorsey is the owner of the subject property in accordance with judgments] pronounced by this court on July 13, 2005, and on December 14, 2007, and accordingly has been in possession of the entire tract; additionally, since Harry Dorsey has asserted titled (sic.) in his answer, this cause should be converted into a petitory action.
 

 For reasons not entirely clear in the record, the matter was tried as a possesso-ry action and the resulting judgment awarded possession of the tract to Anthony McKay. No mention is made of the intervention of the various other parties. Harry Dorsey now appeals that judgment.
 

 La. C.C.Pro. Art. 3657, provides as follows:
 

 When, except as provided in Article 3661(l)-(3), the defendant in a possesso-ry action asserts title in himself, in the alternative or otherwise, he thereby converts the suit into a petitory action, and judicially confesses the possession of the plaintiff in the possessory action.
 

 None of the exceptions in Art. 3661 apply here.
 

 Harry Dorsey’s answer to the intervention clearly asserts title in himself, and moreover explicitly urges that the matter be converted to a petitory action. In this circumstance, he judicially confessed possession of the property by the intervenors, and it was his duty to prove his ownership of the tract. However, because the matter was tried as a possessory action, full evidence bearing on the issue of ownership was neither presented nor controverted.
 

 
 *739
 
 |4In regard to Dorsey’s failure to answer the reconventional demand, the court stated in
 
 Malbrough v. Wheat,
 
 428 So.2d 1110 (La.App. 1st Cir.1983), at 1112, that:
 

 Issue is not joined between a plaintiff and a defendant until the defendant files an answer to the plaintiffs petition, or until the plaintiff obtains a valid preliminary default against the defendant. No valid judgment may be rendered against a party with whom issue has not been joined by way of answer, default or waiver.
 
 Kennedy v. Coon,
 
 401 So.2d 512 (La.App. 2nd Cir.1981);
 
 Ashy v. Cosmopolitan Credit & Investment Corporation,
 
 365 So.2d 1171 (La.App. 3rd Cir.1978);
 
 Morgan v. Toups-Cook Truck Sales, Inc.,
 
 178 So.2d 786 (La.App. 1st Cir.1965).
 

 Additionally, C.C.Pr. Art. 1571 A(2) prohibits assignment of ordinary proceedings for trial before an answer is filed. Here, Dorsey has never answered Anthony McKay’s reconventional demand.
 

 Although the defect of failing to file an answer before proceeding to trial may have been waived by Dorsey’s appearance and participation in the trial, we are still of the opinion that the matter should have been tried as a petitory action. Interve-nors, by asserting their right through intervention in McKay’s possessory action, were limited in their ability to change the issues in McKay’s suit.
 
 Strain v. Trinchard,
 
 2005-1433 (La.App. 1 Cir. 6/9/06), 938 So.2d 1008. However, in real actions a suit is subject to change from a possessory to a petitory action by the defendant in the possessory action. The plaintiffs (interve-nors) cannot control the nature of their action if the defendant in the possessory action decides to convert their suit to a petitory action. That is what Dorsey did here by asserting title against the interve-nors. Once he did that, the suit had to be tried either partially as a petitory action with the intervenors and partially as a possessory action against McKay, or totally as a petitory action against the interve-nors and McKay. We believe the latter is the more appropriate way to proceed for this particular case. The result is the same with reference to possession. Once that is confessed by |fiDorsey in converting to a petitory action, he nevertheless must then be allowed to prove ownership at trial.
 

 It is this court’s opinion that the judgment in what was improperly tried as a possessory action must be vacated. The case is remanded to the district court so that Dorsey may be given the opportunity to try the matter as a petitory action against McKay and the intervenors.
 

 VACATED AND REMANDED