McClendon, j.
|2Intervenors appeal a judgment of the district court granting an exception raising the objection of no cause of action and dismissing their intervention with prejudice. For the following reasons, we recognize that the intervenors have no right of action to intervene in the underlying exec-utory process proceedings, grant the exception raising the objection of no right of action, and dismiss intervenors’ action without prejudice.
FACTS AND PROCEDURAL HISTORY
Allen Walsh and John McClelland created various business entities (Walsh/MeClelland entities) to purchase real estate to develop condominiums. The Walsh/McClelland entities included Live Oak Circle Development, LLC, among others.[1] The Walsh/McClelland entities bor *29 rowed funds from IberiaBank to purchase the real estate associated with the various entities. Allen Walsh and John McClel-land guaranteed these loans.
Allen Walsh and Ruby Walsh, husband and wife, owned other entities (Walsh/ Walsh entities)[2] through which they made other real estate investments. The Walsh/ Walsh entities also borrowed money from IberiaBank to purchase the real estate acquired by their entities. These loans were guaranteed by Allen Walsh and Ruby Walsh.
The Walsh/McClelland entities and the Walsh/Walsh entities began experiencing financial difficulties due to a decline in the value of condominium properties, and the entities fell behind on a number of loan payments. To renegotiate various loans, the Walsh/McClelland entities and the Walsh/Walsh entities entered into a “Master Business Loan Agreement” with Iber-iaBank on September 30, 2010.
In the Master Business Loan Agreement, Ruby Walsh acknowledged and reaffirmed her guarantee as to the Walsh/ Walsh entities. Ruby Walsh also | ^provided a security interest “in and over certain real property owned by Ruby A. Walsh in Rankin County, Mississippi” as additional and new collateral securing the Walsh/Walsh entities’ obligations to Iberia-Bank.
Despite the Master Business Loan Agreement, the loans remained in default. Accordingly, the parties executed a “First Amended Master Business Loan Agreement” on June 14, 2011. In connection therewith, Ruby Walsh signed an “All-Encompassing Guaranty,” which Iberia-Bank asserts guaranteed all obligations owed by both the Walsh/Walsh entities and the Walsh/McClelland entities.
Because the loans remained in default, IberiaBank began executory proceedings in Louisiana. Specifically, at issue here, on May 14, 2012, IberiaBank filed a “Petition for Executory Process” in the 19th Judicial District Court, naming Live Oak Circle Development, LLC, a Walsh/McClelland entity, defendant. The district court issued a Writ of Seizure and Sale on May 16, 2003, ordering the seizure and sale of Live Oak’s condominium units.
Also, IberiaBank filed notices of intent to sell the Mississippi property. The Mississippi foreclosure is separate and distinct from the executory proceedings against Live Oak filed in the 19th Judicial District Court.
On June 1, 2012, Ruby Walsh and her company, RW Real Estate — Star Road Development, LLC, (Appellants) intervened in the above referenced executory process proceedings and filed a “Motion for Temporary Restraining Order, Preliminary Injunction and Suit for Damages,” naming IberiaBank as a defendant.[3] Therein, Appellants sought to enjoin Iber-iaBank from selling the Mississippi property of Ruby Walsh or RW Real Estate, alleging that the property does not secure any obligations owed by the Walsh/McClel-land entities.
In response to the intervention, Iberia-Bank filed exceptions raising the objections of lack of subject matter jurisdiction, improper cumulation of actions, and no *30 cause of action. IberiaBank urged that the 19th Judicial District Court Rlacked subject matter jurisdiction to enjoin the foreclosure proceedings in Mississippi, that the intervention sought to improperly cu-mulate the pending executory process proceedings with an ordinary proceeding, and that Appellants failed to state a cause of action.
At a hearing on the exceptions, the district court denied IberiaBank’s exception of lack of subject matter jurisdiction, finding that it had subject matter jurisdiction to address the validity of the loans. The district court then granted the exception raising the objection of improper cumulation of actions, and ordered the claims to be tried separately. Subsequently, the district court also granted IberiaBank’s exception of no cause of action, dismissing all claims set forth by Appellants with prejudice.
Appellants have sought review of the district court ruling granting IberiaBank’s exception of no cause of action. Iberia-Bank has answered the appeal contending that the district court erred in failing to grant its exception of lack of subject matter jurisdiction.
DISCUSSION

SUBJECT MATTER JURISDICTION

In answer to the appeal, Iberia-Bank asserts that the trial court lacked subject matter jurisdiction to consider the merits of the intervention. Subject matter jurisdiction is a threshold issue insofar a judgment rendered by a court that has no jurisdiction over the subject matter of the action or proceeding is void. LSA-C.C.P. art. 3; Bordelon v. Dehnert, 99-2625 (La.App. 1 Cir. 9/22/00), 770 So.2d 433, 435, writ denied, 2000-2923 (La.3/19/01), 787 So.2d 995. Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings based upon the object of the demand, the amount in dispute, or the value of the right asserted. LSA-C.C.P. art. 2. Subject matter jurisdiction cannot be waived by the parties, and the lack thereof can be recognized by the court at any time, with or without formal exception. LSA-C.C.P. arts. 3, 925; Bordelon, 770 So.2d at 435. Accordingly, we will address IberiaBank’s answer to the appeal first.
| JberiaBank concedes that there is no prohibition on a Louisiana court determining the legal rights and obligations between the parties to an action, and that a Louisiana court has the power to determine the validity of the loan agreements. See Dickerson v. Scott, 476 So.2d 524, 526-27 (La.App. 1 Cir.1985).
IberiaBank contends, however, that the district court lacks jurisdiction to enjoin the Mississippi foreclosure proceedings over Mississippi real property. Iberia-Bank urges that the power to enjoin such proceedings lies solely with a Mississippi court. IberiaBank notes that “judgments of one state cannot directly affect or determine title to immovable property.” Dickerson, 476 So.2d at 526. IberiaBank asserts that enjoining the Mississippi foreclosure would have a direct effect on the Mississippi immovable property. Iberia-Bank concludes that any judgment affecting a Mississippi immovable would be outside of the scope of any Louisiana court.
Essentially, Appellants seek injunctive relief preventing IberiaBank from taking any action to authorize the sale until the existence of the scope of the underlying obligation is determined. Because the relief sought seeks to enjoin IberiaBank from taking adverse action in Louisiana, we conclude that the district court did not err in denying IberiaBank’s exception raising the objection of lack of subject matter *31 jurisdiction. Accordingly, IberiaBank’s assignment of error raised in its answer to the appeal is without merit.

CAUSE OF ACTION

IberiaBank also urges that Appellants, as a matter of law, have no cause of action to intervene in an executory proceeding. IberiaBank notes that Live Oak, the defendant in IberiaBank’s executory process action, had only two options to halt the seizure and sale of the property. Live Oak could have either sought an injunction or suspensively appealed the district court’s order of seizure and sale. LSA-C.C.P. art. 2642. IberiaBank notes that the defendant did neither and the property was sold.
IfilberiaBank avers that Appellants, as third parties, intervened in the Live Oak executory proceeding to assert an independent cause of action that was wholly unrelated to the seizure and sale of the Live Oak property. IberiaBank asserts that not only was that intervention an attempt to improperly cumulate an ordinary and executory proceeding, as the district court recognized, the intervention had no procedural foundation upon which to stand. IberiaBank avers that Appellants never claimed ownership of, a security interest in, or a privilege on the property such that an intervention was appropriate as authorized by LSA-C.C.P. art. 1092. IberiaBank concludes that absent a foundation upon which to intervene, the district court did not err in granting the exception raising the objection of no cause of action.
Because IberiaBank’s complaint is the lack of connexity between the intervention and the principal demand, the proper exception is one raising the objection of no right of action of the particular intervenors. Cf. Mid-South Car & Truck Rental v. Moore, 516 So.2d 1224, 1226 (La.App. 2 Cir.1987) (“If Crawford’s complaint is lack of connexity between the third party demand and the principal demand, ... the exception is not improper cumulation of actions or improper joinder of parties ..., but is the exception of no right of action of the particular third party plaintiff.”)
Although IberiaBank’s arguments have been addressed within the context of various exceptions, we look beyond the caption, style, and form of pleadings to determine from the substance of the pleadings the nature of the proceeding; thus, a pleading is construed for what it really is, not for what it is erroneously called. Rochon v. Young, 08-1349 (La.App. 1 Cir. 2/13/09), 6 So.3d 890, 892, writ denied, 09-0745 (La.1/29/10), 25 So.3d 824, cert. dismissed, -U.S.-, 130 S.Ct. 3325, 176 L.Ed.2d 1216 (2010). Moreover, the exception of no right of action may be noticed by the appellate court on its own motion. LSA-C.C.P. art. 927(B). As such, we address IberiaBank’s arguments within the context of the exception raising the objection of no right of action.
Interventions are provided for in LSA-C.C.P. art. 1091, as follows:
|7A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
(2) Uniting with defendant in resisting the plaintiffs demand; or
(3) Opposing both plaintiff and defendant.
Article 1091 and the cases construing it establish that an intervenor must have a justiciable interest in, and a connexity to, the principal action. Clark v. State, Dept. of Revenue, 02-0703 (La.App. 1 Cir. *32 5/9/03), 849 So.2d 700, 705. “[Justiciable right,” as it is used in the context of an intervention, has been defined as “the right of a party to seek redress or a remedy against either plaintiff or defendant in the original action or both, and where those parties have a real interest in opposing it.” Clark, 849 So.2d at 705 (quoting Amoco Production Company v. Columbia Gas Transmission Corporation, 455 So.2d 1260, 1264 (La.App. 4 Cir.), writs denied, 459 So.2d 542 (La.1984), 459 So.2d 543 (La.1984)).
 It is well settled that an interve-nor takes the proceedings as he finds them. Strain v. Trinchard, 2005-1438 (La.App. 1 Cir. 6/9/06), 938 So.2d 1008, 1013. The intervenor cannot change the issue between the parties, and can raise no new one. He must take the suit as he finds it without raising issues between the defendant and the plaintiff that they have not themselves raised. Mike M. Marcello, Inc. v. Louisiana Gaming Control Bd., 04-0488 (La.App. 1 Cir. 5/6/05), 903 So.2d 545, 548. The intervenor’s rights are confined to joining or resisting either the plaintiff or the defendant, or to opposing both. LSA-C.C.P. art. 1091. The reason why the intervenor’s rights are so limited is because he always has his own remedy by a separate action to inject new issues. Mike M. Marcello, Inc., 903 So.2d at 548.
Appellants aver that the loan agreement is the subject of both the intervention and the primary action. Appellants also note that IberiaBank seeks to reserve claims against them for any deficiencies arising from the sale of Live | sOak’s assets. Appellants conclude that such connexity is sufficient to support an intervention.
We disagree. Appellants do not and have never sought to halt the seizure or sale of Live Oak’s property nor have they claimed that the executory process was deficient in any manner. Rather, Appellants sought to expand the scope of the executory proceedings by seeking a declaration of their rights under the various loan agreements, which expansion was not limited solely to Appellant’s relationship with Live Oak or the executory process at issue here. Clearly, Appellants attempted to inject new issues into the executory proceedings. Accordingly, because Appellants had no right to intervene in the executory proceedings to raise new issues, we grant the exception raising the objection of no right of action and dismiss Appellants’ intervention. Because the dismissal is not determinative of the merits of Appellants’ intervention, such dismissal is without prejudice. See LSA-C.C.P. arts. 1673 and 1841.
CONCLUSION
For the foregoing reasons, we affirm the district court’s judgment denying the exception raising the objection of lack of subject matter jurisdiction and granting the exception raising the objection of improper cumulation of actions. We vacate the district court’s judgment granting the exception raising the objection of no cause of action. We recognize and grant the exception raising the objection of no right of action and dismiss the intervention filed by Ruby Walsh and RW Real Estate— Star Road Development, LLC without prejudice. Costs of this appeal are assessed equally between the parties.
JUDGMENT AFFIRMED IN PART; JUDGMENT VACATED IN PART; RENDERED.
HIGGINBOTHAM, J., concurs.

. The other Walsh/McClelland entities include City View Condominiums, LLC and McWall *29 Development, LLC.

. These entities included Jeffersonian Condominiums, LLC and A & R Properties, LLC.

. Edley H. Jones, III, the trustee of the Mississippi Deeds of Trust over the Mississippi property owned by Ruby Walsh and Star Road, was also named a defendant. Ruby Walsh and Star Road subsequently dismissed Mr. Jones from the litigation without prejudice.