# STATE OF LOUISIANA
## COURT OF APPEAL
## FIRST CIRCUIT

## DOCKET NUMBER
## 2021 CA 1209

## FIRST NBC BANK

## VERSUS

## RIVER PARK DEVELOPMENT, L.L.C.
## AND JOHN M. CLEMENTS

Decision Rendered: **APR 0 8 2022**

* * * * *

## ON APPEAL FROM THE
## 19th JUDICIAL DISTRICT COURT, SECTION 21
## EAST BATON ROUGE PARISH, LOUISIANA
## DOCKET NUMBER 645,928

## HONORABLE RONALD R. JOHNSON, JUDGE PRESIDING

* * * * *

| | |
|---|---|
| Mark R. Callender<br>Baton Rouge, Louisiana | Attorney for Petitioner in<br>Intervention/Appellant,<br>Luhr Bros., Inc. |
| Brett P. Furr<br>Preston J. Castille, Jr.<br>Jonathan A. Moore<br>Baton Rouge, Louisiana | Attorneys for Plaintiff/Appellee,<br>Girod LoanCo, LLC |

## BEFORE: McDONALD, LANIER, and WOLFE, JJ.

**McDONALD, J.**

A creditor with an inferior mortgage on certain immovable property appeals the denial of its petition to intervene in a foreclosure action filed by a creditor with a superior mortgage on the same property. After review, we maintain the appeal and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2016, First NBC Bank (FNBC) filed a foreclosure action against River Park Development, LLC and John M. Clements (collectively, River Park) on two promissory notes secured by a multiple indebtedness mortgage on immovable property in East Baton Rouge Parish. Luhr Bros., Inc. held a collateral mortgage on the same immovable property, but, in 2008, Luhr Bros. had executed an Act of Subordination agreeing that its mortgage "shall be subordinate and inferior in all respects to any mortgage (including a multiple indebtedness mortgage in favor of [FNBC]), in an amount not to exceed $11,000,000, plus interest and attorney fees … ."

Girod LoanCo, LLC was later substituted as party plaintiff in FNBC's foreclosure action based on evidence indicating it had acquired and was the current holder of the FNBC notes and mortgage. River Park filed an answer. Girod then filed a motion for summary judgment seeking a money judgment against River Park and recognition of its mortgage. The trial court granted the motion by judgment signed on September 26, 2019. River Park appealed that judgment, but this court dismissed the appeal due to deficiencies in the judgment's decretal language. *See First NBC Bank v. River Park Development, et al.,* 20-0808 (La. App. 1 Cir. 11/9/20) (unpublished action). The trial court later signed an amended judgment on December 17, 2020, and River Park[1] again appealed. After River Park's appeal was lodged, Luhr Bros. filed an exception of nonjoinder of a party with this court. Another panel of this court will decide both River Park's appeal and Luhr Bros.'s exception of nonjoinder under our docket number 2021 CA 1210.[2]

Meanwhile, after the trial court signed the September 26, 2019 judgment in Girod's favor, but before it signed the December 17, 2020 amended judgment in Girod's favor, Luhr Bros. had filed a petition to intervene in Girod's foreclosure action. On May 19, 2021, the

---

[1] On December 1, 2020, the trial court signed an order substituting Cosima Clements as party defendant for John M. Clements.

[2] In the related 2021 CA 1210 appeal, River Park challenges the validity of Girod's summary judgment evidence.

trial court signed a judgment denying Luhr Bros.'s petition to intervene. Luhr Bros. appeals that adverse judgment herein. After this court issued a show cause order questioning the finality of the May 19, 2021 judgment, it then issued an order referring the rule to show cause to this panel, the panel deciding the appeal. *See First NBC Bank v. River Park Development, et al.,* 21-1209 (La. App. 1 Cir. 12/17/21) (unpublished action). Thus, we first dispose of the rule.

## RULE TO SHOW CAUSE

This court's appellate jurisdiction extends to final judgments identified as such by appropriate language and to interlocutory judgments when expressly provided by law. La. C.C.P. arts. 1918 and 2083; *Barfield v. Tammany Holding Co.,* 16-1420 (La. App. 1 Cir. 6/2/17), 2017 WL 2399020, *1. The court has found that a judgment denying a petition to intervene is an appealable judgment. *See LeCompte v. Cont'l Cas. Co.,* 16-1359 (La. App. 1 Cir. 7/12/17), 224 So.3d 1005, 1009 (affirming a judgment dismissing an intervention pursuant to an exception of no right of action); *Strain v. Trinchard,* 05-1433 (La. App. 1 Cir. 6/9/06), 938 So.2d 1008, 1013 (affirming a judgment dismissing an intervention pursuant to an exception of no right of action); *Factory Sales and Eng., Inc. and Valbar, Inc. v. La. Commerce & Trade Ass'n., Self Insurers Fund,* 09-0351 (La. App. 1 Cir. 6/4/09) (unpublished writ action); *N.W. St. Tammany Civic Ass'n., et al. v. St. Tammany Parish,* 08-2412 (La. App. 1 Cir. 4/14/19) (unpublished writ action). Accordingly, we maintain the appeal from the May 19, 2021 judgment.

## DENIAL OF INTERVENTION

An intervention is an incidental demand. La. C.C.P. art. 1031B. After an answer to the principal demand has been filed, an intervention may be filed only with leave of court and only if it will not retard the progress of the principal action. La. C.C.P. art. 1033. Further, this court has held that an intervention may be filed only while suit is pending and only before judgment on the principal demand. *Van Lieu v. Winn-Dixie of La., Inc.,* 446 So.2d 1362, 1366 (La. App. 1 Cir. 1984). As this court has previously explained, La. C.C.P. art. 1033 assumes that an incidental demand will never be filed after trial on the merits is conducted, as notice prior to trial is fundamental to our scheme of procedure. *ANR Pipeline Co. v. La. Tax Com'n,* 08-1148 (La. App. 1 Cir. 10/17/08), 997 So.2d 92, 100; *Cook v.*

3

*Matherne,* 432 So.2d 1039, 1041 (La. App. 1 Cir. 1983). The trial court has broad discretion in determining: (1) whether to allow an intervention after the answer, and (2) if the intervention will retard the progress of the suit. *See Charia v. Allstate Ins. Co.,* 93-1230 (La. App. 4 Cir. 3/29/94), 635 So.2d 370, 372.

In the instant case, Luhr Bros. filed its intervention almost four years after the case was filed, over two years after River Park filed an answer to Girod's principal demand, and over a year after the trial court first rendered summary judgment in Girod's favor on the principal demand.[3] Thus, under La. C.C.P. art. 1033, Luhr Bros.'s intervention was only permissible with leave of court and only if it would not retard the progress of the principal action. The trial court apparently determined that allowing Luhr Bros.'s intervention at that stage of the litigation, *i.e.,* after judgment on the principal demand, would retard the progress of Girod's foreclosure action against River Park. Further, under *Van Lieu, ANR Pipeline, and Cook,* the trial court correctly denied Luhr Bros.'s intervention, because it was filed after judgment on the main demand. Accordingly, the trial court did not abuse its discretion in denying Luhr Bros.'s intervention, and we affirm that judgment.

We note, however, that Luhr Bros.'s efforts to have its claims considered in Girod's suit against River Park do not end with our affirmance of the judgment denying Luhr Bros.'s intervention herein. As earlier noted, another panel of this court is considering River Park's appeal from the December 17, 2020 summary judgment in Girod's favor under our docket number 2021 CA 1210. After that appeal was lodged, Luhr Bros. therein filed a peremptory exception of nonjoinder of a party with this court under La. C.C.P. art. 641.[4] In that appeal, Luhr Bros. requests that this court set aside the summary judgment in Girod's favor and

---

[3] Luhr Bros. filed its intervention on November 24, 2020, after the trial court first rendered summary judgment on September 26, 2019. The fact that the trial court later signed an amended judgment on December 17, 2020 does not change the fact that the intervention followed judgment on the merits.

[4] Louisiana Code of Civil Procedure article 641 states:

> A person shall be joined as a party in the action when either:
> (1) In his absence complete relief cannot be accorded among those already parties.
> (2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:
> (a) As a practical matter, impair or impede his ability to protect that interest.
> (b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.

The failure to join a party to an action may be pleaded via a peremptory exception or noticed by the trial court or the appellate court on its own motion. La. C.C.P art. 645.

remand this case to the trial court for Luhr Bros.'s joinder and a retrial. These issues will be addressed in the related 2021 CA 1210 appeal.

## CONCLUSION

For the above reasons, we maintain the appeal from the May 19, 2021 judgment denying Luhr Bros.'s, Inc. petition to intervene and affirm that judgment. We assess costs of this appeal to Luhr Bros., Inc.

**AFFIRMED.**